Slosson v. Hall.

## MILTON H. SLOSSON

*vs.*

## JAMES HALL.

Where a town lot is described in a deed by number and block, according to the plat of the town made and on file in the office of the register of deeds, and there are two maps of the town, by reason of the existence of which a doubt arises as to the property conveyed, extrinsic evidence is admissible to explain and apply the deed to the premises intended to be conveyed.

Where, in an action of ejectment, it clearly appears that the premises in controversy are the only object to which such deed can apply, and that if the plat mentioned therein was not referred to as "on file," the description would be entirely accurate, and no filing in a technical sense is authorized; whether the words " on file " should not be held to be an inaccuracy· in language, and to mean " deposited," as distinguished from a technical filing; Quere ?

Where in a deed of a town lot the premises are described by the number of the lot and block in a certain town *according to a plat of the same, &c.*, and it appears that there is but one lot and block of the number specified, in the town, and the reference to the plat is false, the description of the premises is sufficient and the false reference to the plat may be rejected.

Appeal by the plaintiff from a judgment of the district court for Stearns county. The case is fully stated in the opinion.

S. SMITH, for Appellant.

WILSON & McNAIR, for Respondent.

*By the Court.*—McMILLAN, J.—This is an action in the nature

of a suit in ejectment brought by the plaintiff to recover the possession of certain real estate described in the complaint, to wit: "lot 6 in block ninety-one (91) in the town of St. Cloud according to the plat of the same made and on file in the office of the Register of Deeds of said county of Stearns."

The parties waived a trial by jury in the district court, and the cause by consent was tried by the court, and the trial resulted in a finding and judgment for the defendant, whereupon the plaintiff appealed from the judgment.

The case is presented here upon a bill of exceptions.

Both parties trace their claims to the premises in controversy through one David Lowry as a common source of title.

It appears by the findings of fact in the court below that David Lowry and wife by deed dated September 22d, 1864, duly recorded the 14th of December, 1864, granted to Eugene M. Wilson the following described property situate in Stearns county, Minnesota, to wit: "lot six (6) in block ninety-one (91) in the town of St Cloud, according to the plat of the same made and on file in the office of the register of deeds in said county of Stearns," and that Wilson afterwards, by deed duly executed, conveyed the same premises to the defendant in this action.

It also appears that said Lowry and wife, by deed dated August 21st, 1865, which has never been recorded, granted to the plaintiff, Slosson, the following described premises, to wit: "All the lots, parcels of lots and blocks in Lowry's addition to the town of St. Cloud, which lie within the corporate limits of said town of St. Cloud, the fee to which is at the date hereof in David Lowry."

The court also finds that there is not, nor was there at the date of the conveyance to Wilson any block numbered ninety-one (91) either in said town of St. Cloud or in any of the ad-

ditions thereto save and except block ninety-one (91) in Lowry's addition to the town of St. Cloud.

That said block is, and was at the date of said last mentioned conveyance, within the boundary lines of the town of St. Cloud, as incorporated by an act of the legislature, approved March 8th, 1862, entitled "An act to incorporate the town of St. Cloud and to repeal a former charter of said town," and is the only block so numbered or of that number within the limits of said corporation.

So far as these findings of fact are concerned they appear to be fully sustained by the evidence. But from the evidence embraced in the bill of exceptions it appears that the *defendant* introduced in evidence two maps or plats of the town of St. Cloud.

1st. The official map of the corporate town of St. Cloud, which by the stipulation of the parties, is before us as part of the testimony in the bill of exceptions.

Referring to this map, the register of deeds at its introduction in evidence testified, "This is the plat in general use in my office; this is the only plat of the incorporate town as incorporated in 1862 in the office of the clerk of the town of St. Cloud, and this plat was never officially filed with the register of deeds."

2nd. The defendant offered in evidence the recorded plat of the town of St. Cloud recorded September 1st, 1855. This plat is not before us, but in regard to its contents the bill of exceptions states, "It appeared thereby that there was no block 91 on said plat and that said plat covered different lands from the plat of Lowry's addition to the town of St. Cloud," that is, as we understand the statement, it did not embrace any part of Lowry's addition, but embraced different lands, and did not embrace any block numbered ninety-one.

Lowry's deed to Wilson having been executed prior to that

made to the plaintiff, if the description of the premises in Wilson's deed is a sufficient description of the premises mentioned in the complaint, the title passed to him by that conveyance, and the plaintiff cannot recover.

The description of the premises contained in Wilson's deed, upon the face of the conveyance itself, is complete and free from any doubt as a description of property; there is, therefore, no *patent* ambiguity in the deed. 1 *Greenleaf's Ev.* § 297. But as the lot conveyed by this deed is identified by reference to the plat of the town of St. Cloud, made *and on file in the office of the register of deeds of the county of Stearns;* and there are two maps of the town of St. Cloud by reason of the existence of which a doubt arises as to whether it was intended by the Wilson deed to convey to the grantee the premises in controversy, we are clearly of opinion that, extrinsic evidence is admissible to explain and apply the deed to the premises intended to be conveyed.

It distinctly appears from the bill of exceptions that, according to the plat of the town of St. Cloud recorded September 1st, 1855, there was no lot to which the description in the deed could apply. It also appears that at the time of the conveyance to Wilson there was in the town of St. Cloud according to the plat or map thereof deposited in the office of the register of deeds of Stearns county, and in general use, but not officially filed, a lot number six, in block ninety-one; that there was but one lot of that description in said town, and that at and prior to the Wilson deed, Lowry, the grantor, was the owner of it.

It clearly appears, therefore, from these facts that **the** premises in controversy are the only object to which the deed to Wilson can apply, and further that, if the plat mentioned in this deed were not referred to as " on file," the description of the premises would be entirely accurate. No statutory

provision authorizes the filing of a town plat by the register of deeds, but only its being recorded. *Comp. Stat. p.* 369, 71. Under these circumstances, we are inclined to think that the use of the words " on file," in reference to the plat, should be held to be inaccurate, and to mean deposited, as distinguished from a technical filing of the plat, and therefore that there is no ambiguity. 1 *Greenleaf's Ev.,* § 299. But if there is any doubt in regard to that view, we are of opinion that the description of the premises " situate in Stearns county, Minnesota, to wit: "lot six (6) in block ninety-one, (91,) in the town of St. Cloud," is a sufficient description of the premises, and that the balance of the description, in so far as it is a false description of the premises, must be rejected. 1 *Greenleaf's Ev.,* § 301; *Doe d. Smith vs. Galloway,* 5, *B. & Ad.* 43, 51; *Miller vs. Traverse,* 8 *Bing.* 244.

The views thus expressed determine adversely to the appellant the second, fifth and sixth points urged in support of his appeal.

In answer to the first point raised it might be sufficient to say that, if the finding of the court was defective in omitting to pass upon any question, the proper mode of obtaining relief was to apply to the court below for a more specific finding; but in this case the further answer is, that the facts specified in the point raised could not change the result, if found specifically. The act of the legislature incorporating the town of St. Cloud is by its terms a public act, of which the court was bound to take notice, and offering it in evidence could do no injury. The witnesses Taylor and Sweet did not give their opinion as to what premises were intended to be conveyed by the deed to Wilson, but both, being practical surveyors, were called upon to locate the premises described in the deed from the deed itself and from their knowledge of the locality. Whether this was a case proper for such testimony we need

not consider. Its exclusion could not possibly change the result, it is therefore immaterial.

The findings of fact and the conclusions of law by the court below are correct.

The judgment appealed from is affirmed.