### JOHN A. JOHNSON v. SWAN M. KLARQUIST.[1]

April 13, 1911.

Nos. 16,839—(51)[2].

**Hoisting apparatus — construction of statute.**

Openings left in the second floor of a barn in process of construction, to be used for putting down hay, are not within the provisions of the statute requiring hoisting apparatus, used in the construction of a building, to be guarded.

**Self-evident danger — duty to warn servant.**

Such floor was laid by the principal contractor, who was still in possession and control thereof, constructing the roof girders of the building. A subcontractor, doing the brick-work, who used such floor as a scaffold and to support scaffolds, was not negligent in directing plaintiff to work thereon, without warning; the openings in the floor being apparent and known to plaintiff.

Action in the district court for Hennepin county to recover $3,450 for personal injuries. The negligence complained of was that defendant failed to place guards about certain holes in the floor, 3x3 feet square. The answer alleged that on or about August 7, 1909, plaintiff compromised all his claims for injuries for the sum of $50 which was paid by F. G. McMillan, and that a release was duly signed and delivered in satisfaction of all claims. The amended reply admitted the acceptance of $50, but alleged that plaintiff was led to understand that he would receive more as he might need the money. The case was tried before Hale, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

[1]Reported in 130 N. W. 943.  [2]April, 1911, term calendar.

*Gjertsen & Lund,* for appellant.
*Brown, Albert, & Guesmer,* for respondent.

SIMPSON, J.

This action was brought to recover damages for personal injuries sustained by plaintiff while in defendant's employ. One McMillan had a contract for the construction of a large two-story brick barn. The defendant, Klarquist, was a subcontractor doing the brick and mason work. At the time of plaintiff's injury the building had been carried up one story. The floor for the second story had been laid by McMillan's employees, and some of them were then working on a scaffold above this floor, placing a roof girder. Klarquist's employees were laying up the brick wall above this floor. The plaintiff, working as a mason's tender, was assisting in moving a scaffold from one portion of the wall to another. While so employed, he stumbled over some débris and fell through a hole in the floor, receiving the injuries complained of. The hole into which plaintiff fell was one of a number of like openings left in the floor of the barn, to be used, when the barn was completed, for putting down hay. These openings were three feet square, and three of them were situated in a row through the center of the building, from seven to eight and one-half feet apart, and distant approximately twenty feet from other like openings along the side walls of the building. When the plaintiff came onto the second floor that morning to work, he came up a ladder, through one of three openings in the center of the building, and then observed other similar openings. None of these three holes was covered.

At the time of the accident this building was in process of construction. The general contractor, McMillan, was then actively engaged in carrying forward the carpenter work of the building. The defendant, having the contract for erecting the brick wall, did not have charge or control of this floor, but undertook to use it in its then condition, when convenient, in carrying out his contract. Such use was substantially the use as a scaffold. The floor in its then condition was clearly a reasonably safe place for such use by any one knowing its actual condition. The defendant was not negligent

in allowing and directing his employees, including the plaintiff, to work on this floor when necessary and convenient in carrying up the side walls of the building. The openings in the floor were apparent, and were observed by the plaintiff. The defendant was, therefore, not negligent in failing to point them out to the plaintiff, or to warn him in reference thereto.

The statute providing that hoisting apparatus used in the construction of any building must be protected clearly has no application to the openings here under consideration.

The facts, as established by the evidence, not showing any negligence on the part of the defendant, the trial court, at the close of plaintiff's testimony, correctly directed a verdict in favor of the defendant.

The order made, denying plaintiff's motion for a new trial, is affirmed.