ELIZABETH GREENE *vs.* AMY C. BROOKS.

GEORGE H. GREENE *vs.* SAME.

Suffolk.   December 4, 5, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Employer's liability, Of one controlling real estate.

Where, at the time of the employment of a laundress by a householder for work on certain days of the week, the edge of a platform which was a part of a stairway leading from the kitchen to the laundry was so badly worn as to be defective, which condition was not concealed but was obvious and thereafter was seen by the laundress several times, the householder owes to the laundress no duty to warn her of the defect and cannot be held liable for damages resulting from a fall caused thereby.

TWO ACTIONS OF TORT, the first being for personal injuries alleged to have been received when the plaintiff was engaged by the day doing laundry work for the defendant and caused by a defective condition of a step leading from the defendant's kitchen to the laundry.   In the second action, the husband of the plaintiff in the first action sought consequential damages.   Writs dated July 21, 1916, and September 16, 1916.

In the Superior Court the actions were tried together before *McLaughlin,* J.   The material evidence is described in the opinion. At the close of the evidence, on motion of the defendant, verdicts were ordered in her favor; and the plaintiffs alleged exceptions.

*E. I. Smith,* for the plaintiffs.

*W. H. Irish,* for the defendant, submitted the case without argument or brief.

PIERCE, J.   These are actions of tort to recover for injuries directly and consequentially sustained by Elizabeth Greene and her husband, George H. Greene, by reason of a fall of Elizabeth, which was caused by the alleged defective and unsafe condition of a stairway leading from the kitchen to the laundry in a house owned by the defendant.   At the close of the evidence, on motion, a verdict was ordered for the defendant in each case; and the cases are before this court on the exceptions taken thereto by the plaintiffs.

In support of the actions, the material facts stated in the bill of exceptions are that the plaintiff Elizabeth Greene resided in Boston; that she went out to work by the day, doing her own house work in the evenings; that she was employed by the defendant and had been so employed for nearly four years to do laundry work on three days and cleaning on one day of each week; that she got her dinner at the defendant's house and was paid on each Friday for the work of the week. The laundry at the defendant's house was located in the basement and was reached by a stairway leading from a hall off the kitchen. A door from the kitchen led to this hall down four or five steps to a platform or landing; from the landing the stairway made a turn to the left and reached the basement at the end of eight or ten steps. At the platform was a door leading out of doors; the lower stairs were lighted by a window. The edge of the platform where it formed the top step of the lower flight was badly worn at about the centre, a portion of the board being entirely worn away. It was described by the plaintiff as being somewhat semicircular in shape, extending about two and one half inches along the edge of the step about one inch deep; and the board was cleaned out in this space, was rough around the edges, and was "just travelled out." The plaintiff testified she believed the worn place was there when she first went to work for the defendant; that she had seen it many times but never thought about it except when the door was open so she could see it.

As regards her accident on Monday, December 20, 1915, she testified she arrived at the defendant's house about eight o'clock in the morning; that she worked all the morning doing the washing, having her dinner in the kitchen at about half past two; that after having her dinner she started to go down to the laundry; that she reached the platform all right, feeling her way along as the platform and stairway were very dark; that when she came to the edge of the platform she tripped and fell backwards, landing at or near the bottom of the stairs; that she was sure it was the worn place on the edge of the platform which caused her to fall. On cross-examination she testified: "I didn't know what made me fall."

Assuming the jury to find, as the evidence clearly warranted doing, that it was the worn place on the edge of the platform which caused the plaintiff to fall, the verdicts for the defendant

nevertheless were ordered rightly because the edge of the platform was in the same condition at the time the plaintiff was hired and came to work at the house of the defendant as it was at the time of her accident, which condition was not concealed, was obvious and was in fact then and thereafter seen many times by the plaintiff. In these circumstances the defendant owed no duty of warning or otherwise to the plaintiff, and the absence of duty excludes the postulation of negligence. *Shannon* v. *Willard,* 201 Mass. 377, 380. *Walsh* v. *Turner Centre Dairying Association,* 223 Mass. 386. *Bernabeo* v. *Kaulback,* 226 Mass. 128. *Mammott* v. *Worcester Consolidated Street Railway,* 228 Mass. 282.

*Exceptions overruled.*