## CARL JOHNSON v. VERN ANDERSON.[1]

May 15, 1931.

No. 28,409.

*F. C. McGivern* and *Mark & Barron,* for appellant.
*Burton & Burke,* for respondent.

LORING, J.

The plaintiff while in defendant's employ as a farm hand was injured in a runaway which occurred while he was driving defendant's horses attached to a mowing machine. He recovered a verdict of $700. The defendant moved for judgment or a new trial, and from the order denying the blended motion he appeals. An examination of the record however discloses that the defendant made no motion for a directed verdict at the close of the evidence. Hence this court will consider only the portion of the order denying a new trial. The motion for a new trial was based in part upon newly discovered evidence, and the court's action in denying the new trial on that ground and the sufficiency of the evidence to sustain the verdict are the only points raised.

The common law of master and servant applies to the situation here involved, and the principal question presented is whether rea-

[1]Reported in 236 N. W. 628.

sonable men might differ as to the exercise of ordinary or reasonable care by defendant in furnishing the team in question for plaintiff to drive.

The defendant had five horses, all of which were cared for by the plaintiff and from which he selected the pair he chose to drive. He usually drove the pair that caused his injury. They were a spirited team nine or ten years old, which had run away on one or two previous occasions, the last occasion being about two years before, when they had also run away while mowing. There was evidence of another occasion when they ran a block or two with a wagon while the driver was loading corn shocks on the wagon. This last mentioned run we do not consider important or indicating anything more than high spirits under circumstances that might tempt any such team to perform in like manner. The circumstance was not communicated to defendant. One witness also testified to an admission by the defendant that upon an occasion, the date of which was not fixed, the team had run away and injured a cow.

The record indicates that at other times these horses were gentle and docile; that they were driven by women; and that immediately after plaintiff's injury they were left to be driven home by a neighbor woman, whose little daughter held them while her mother unhooked them and replaced the tongue which had fallen out of the neck yoke.

Was the runaway of two years previous, coupled with the incident related in defendant's admission, such an indication of vice that a man of ordinary prudence either should not have furnished the team for his employe to drive or should have warned such employe of the alleged propensity? We are of the opinion that as a matter of law the question should be answered in the negative. The age of the horses and the time elapsing since the one serious runaway of their career, in addition to their otherwise gentle behavior, all lead us to the conclusion that reasonable care did not require defendant to refrain from furnishing this team to the plaintiff or to warn him that there was any vice to be expected in their

behavior. Plaintiff had handled these horses for two and a half months and knew their dispositions and that they were spirited and disposed to shy at trifles. If teams of this character are dangerous instrumentalities for experienced farm laborers to handle, then substantially all farmers are guilty of negligence toward their drivers.

The order appealed from is reversed and a new trial granted.