## ANNE LIPTAK v. BEN Z. KARSNER.[1]

July 5, 1940.

No. 32,255.

*William E. Tracy,* for appellant.

*M. T. O'Donnell* and *Lewis, Grannis & Underhill,* for respondent.

[1]Reported in 293 N. W. 612.

STONE, JUSTICE.

After verdict for plaintiff, defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

The action is for injuries sustained by plaintiff while employed as a domestic servant in defendant's home. She sustained a fall and the resulting injuries while working in the basement laundry room. The claim of negligence is founded upon the projection above the concrete floor of a sewer cleanout plug. It consisted of a length of soil pipe six inches in diameter, projecting above the floor two and one-half inches. Into the flange at the top there was inserted a screw cap, in the center of which, extending upward, was a nut, whereon to apply a wrench in removing the cap. In doing her work in the daytime, plaintiff stumbled over the plug and was injured. There is evidence that at the moment her attention was distracted by a call from defendant's wife, then at or near the head of the stairway leading to the basement.

Without so deciding, we assume negligence. There are cases which, if followed, might require the opposite conclusion. Greene v. Brooks, 234 Mass. 548, 125 N. E. 685 (laundress fell on defective platform).

■ But where the danger is open and obvious to the sense of ordinary intelligence and is discernible or patent to the employe, there is no duty on the employer to instruct or warn concerning the danger. 39 C. J. p. 503; Johnson v. Klarquist, 114 Minn. 165, 130 N. W. 943; Hetager v. Moran, 168 Minn. 491, 210 N. W. 390, 864.

■ The danger was as plain to plaintiff as to defendant. Plaintiff had stumbled over the plug before and had complained of it to her mistress. The danger of stumbling was, in the then condition of things, incident to plaintiff's employment, and by her known and appreciated. That makes assumption of risk appear as matter of law. Herold v. Pfister, 92 Wis. 417, 66 N. W. 355; 39 C. J. p. 780; 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5964.

■ To escape that result, plaintiff invokes a supposed promise to repair. Some two months before, she had stumbled over the plug. She testified that she and Mrs. Karsner then agreed that it was dangerous. A week or ten days before the accident plaintiff testified further that she had again complained to Mrs. Karsner of the danger. The result, on plaintiff's testimony, was not a promise absolutely to repair, but only that Mrs. Karsner said "she would tell Mr. Karsner to—she would tell him and have him fix it."

There is no showing of evidence or argument establishing a power in his wife, as agent, to bind defendant in such a situation. See 26 Am. Jur., Husband and Wife, § 236. Be that as it may, Mrs. Karsner did not take upon herself the obligation to remove the source of danger. All she undertook was to tell her husband and prevail upon him to do the fixing.

With us the doctrine of assumption of risk rests upon contract. So where the servant has a right to, and does, rely upon a promise to remedy a defect, the risk of accident is taken over by the master himself for a reasonable time. Brown v. Musser-Sauntry L. & Mfg. Co. 104 Minn. 156, 116 N. W. 218.

With the law in that status, a promise to make good a defect must be brought home in binding fashion to the one sought to be charged. Here there is no evidence that the promise was ever mentioned to defendant. There is no claim that, by agent or otherwise, he made any promise to repair. He, and not Mrs. Karsner, is the person here charged with liability.

It should be noted in that connection that the offending obstacle could not have been removed by mere repair. To remedy the defect would have required reconstruction, that is, taking out the whole device and substitution of a new one, with its top flush with the floor. It has been held that a servant may not relieve himself of assumption of risk of danger known to and appreciated by him where the promise

is not merely to repair a defect "but to substitute a safer appliance." 39 C. J. p. 789. Without either approving or disapproving that doctrine, we hold, for this case that, in view of the nature of what was required to remove the danger, and on the evidence of plaintiff herself, she showed no promise of defendant to remove the defect.

■ The foregoing leads to a reversal with directions to enter judgment for defendant. But he will be denied statutory costs for failure of his counsel to comply with Rule VIII(3)(e) [200 Minn. xxviii, xxx]. It is required that the "points urged for reversal, modification, or relief shall be separately stated and numbered, and each point so stated and numbered shall be followed by the argument thereon." Defendant's brief does make subdivisions of the argument, but preceding each subdivision is no separate statement of the proposition urged in what follows. Instead of the required statement, there is only a reference, by number, to certain assignments of error, which are numerous. That is not enough to comply with the rule. In consequence, defendant is denied statutory costs.

The case must be reversed with directions to enter judgment for defendant.

So ordered.