## WILLIAM PALMER v. MERLE WILTSE.[1]

April 10, 1953.

No. 35,911.

*Gleason, Ward, Orff & Johnson* and *A. E. Sheridan,* for appellant.
*Swensen, Anderson* and *Miley,* for respondent.

LORING, CHIEF JUSTICE.

Plaintiff, William Palmer, was injured while employed by defendant, Merle Wiltse, as a farm hand. A fellow employee dropped two bales of hay down a hay chute onto plaintiff while he was engaged in preparing to feed a span of horses in defendant's barn. At the conclusion of plaintiff's evidence, the trial court granted defendant's motion for dismissal. Subsequently, the court denied

---

[1]Reported in 57 N. W. (2d) 812.

plaintiff's motion for a new trial, and judgment was entered in favor of defendant. This appeal is from that judgment.

It appears that plaintiff was working about defendant's barn with another employee Carl Nelson. They were both engaged in preparing to feed stock. Nelson was getting hay down from the mow into the alley between the horse stalls and the cow stanchions. Plaintiff was putting a pail of corn in a manger near the horses, preparatory to feeding them later. In so doing, plaintiff passed near or under the hay chute. Nelson threw two bales of hay through the hay chute; one of them struck plaintiff and caused his injuries.

This hay chute was 3½ feet square with a ladder inside and a door or board to close it at the bottom. It was primarily built for loose hay, but, as baling hay became customary, it was also used for hay that had been baled. Defendant had instructed his men to break up the bales before throwing them down the chute, but Nelson apparently did not always follow instructions in this regard and usually shouted, "Timber," when throwing down an unbroken bale. On the occasion on which plaintiff was hurt, he failed to warn plaintiff. Defendant was not present when the bale struck plaintiff, but he had approved of the giving of a warning when hay was to be thrown down.

Since farm hands are specifically exempted from the coverage of the workmen's compensation act, common law applies here. M. S. A. 176.05.

This case, therefore, presents three questions for decision: (1) Did defendant furnish plaintiff an unsafe place to work? (2) Was plaintiff's injury due exclusively to the negligence of a fellow servant? and (3) Did plaintiff in any event assume the risk of injury?

■ On the trial, plaintiff first contended that the barn was unsafe, but his own expert testified that the barn was of ordinary construction and that in many years of barn-construction work he had seen only two barns with a hay chute constructed otherwise. He did, however, testify that the chute could have been boxed in at a small cost. The trial court was of the opinion that the evidence

did not support plaintiff's contention that the place of work was unsafe but that it only became unsafe because of the negligence of Nelson, a fellow servant who was not performing a nondelegable duty for the employer. With that view, we agree.

Even if negligence on the part of defendant were established, plaintiff's testimony shows a clear defense of assumption of risk as a matter of law. Plaintiff was familiar with farm operations and in particular with this operation of throwing the hay down the chute which involved an ordinary and usual hazard of his work. See, Liberty Mut. Ins. Co. v. G. N. Ry. Co. 174 Minn. 466, 219 N. W. 755. From his own testimony it appears that the danger involved was as apparent to him as it was to defendant. See, Liptak v. Karsner, 208 Minn. 168, 293 N. W. 612. See, also Johnson v. Anderson, 183 Minn. 366, 236 N. W. 628.

Judgment affirmed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.