Daryl Wayne **JOHNSON**, petitioner, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C6–84–1744.

Court of Appeals of Minnesota.

April 16, 1985.

Paris D. Getty, Forest Lake, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Special Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN, and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by the Commissioner of Public Safety from an order of the trial court rescinding the revocation of Daryl Wayne Johnson's driving privileges. Johnson failed to file a brief and we proceeded under Minn.R.Civ.App.P. 142.03. The trial court concluded the officer lacked probable cause to believe Johnson had been driving a motor vehicle while under the influence. We reverse and remand.

## FACTS

At about 11:20 p.m. on May 12, 1984, Chisago County Deputy Sheriff William Lally was dispatched to a trailer court to investigate a domestic incident. When he arrived, he observed a car parked outside Trailer # 30 on the wrong side of the road with its headlights on, engine running and door open. No one was inside. Deputy Lally observed Johnson being escorted from Trailer # 30 in handcuffs by another police officer, on charges of trespass and criminal damage to property. Johnson was placed in the back of Deputy Lally's squad car at which time Deputy Lally noticed Johnson had a strong odor of alcohol on his breath, slurred speech, watery and blood-shot eyes and dilated pupils which were slow to adjust to light.

Deputy Lally learned that Johnson had been inside the trailer and refused to leave even in the presence of police officers. Johnson was then taken to jail. At the jail, Johnson asked what was going to happen to his car parked next to Trailer # 30. Johnson told Deputy Lally that he had driven there to talk to the owner of the trailer about some financial matters. Following Johnson's admissions, Deputy Lally arrested him for D.W.I. and invoked the implied consent law.

At the implied consent hearing, the only witness was Deputy Lally. Johnson presented no testimony. Johnson's attorney did not argue about probable cause following the conclusion of the evidence, but focused on whether Johnson was properly advised of his rights under the implied consent statute. The trial court ruled from the bench that the Commissioner of Public Safety failed to establish probable cause that Johnson had driven or operated a motor vehicle. The court stated:

> Nobody saw this person drive, there was a vehicle sitting there, he might have rode up with three other people. Mere fact that he said that he drove up, might have been interpreted as he rode up.

In clarifying the trial court's ruling, the following discussion with Commissioner's counsel ensued:

MR. VAN CLEAVE: He stated that he drove, your Honor.

THE COURT: Lack of probable cause. There must be more than just the mere showing that he had a possibility of being in that vehicle, doesn't show ownership of his car. He might have been with five other people and four of the five could have driven the car.

\*     \*     \*     \*     \*     \*

THE COURT: That is all superfluous if somebody didn't see him driving that vehicle. He could have had anyone else have that car parked there, and he could have been up there with three other parties.

\*     \*     \*     \*     \*     \*

MR. VAN CLEAVE: [Citing a Minnesota Supreme Court case] [t]he court said that police officer would not need to observe the defendant in the act of driving or operating, in order to request a test, all he needed was reasonable grounds forming the belief that the defendant had been driving or had been operating a vehicle. And in this case we have his testimony that he was.

THE COURT: Here, as I am indicating, there was many other people around the scene from what you have described, there was at least the lady that ran—

MR. VAN CLEAVE: That lived there.

THE COURT: And I expect her husband was there. There were other people that were around, could have had access to that automobile, and could have driven it for him. He drove up there—all it is is a statement, he could have said, "I rode up."

MR. VAN CLEAVE: He didn't, your Honor, he said that he drove, your Honor.

THE COURT: That's correct. This court finds that there is lack of probable cause and does not sustain the Commissioner's revocation.

The trial court also indicated it need not rule on the question of whether Johnson was properly advised of his rights under the implied consent statute.

## ISSUE

Did the trial court err in determining the officer lacked probable cause to invoke the implied consent law?

## ANALYSIS

▮ The implied consent laws must be liberally construed in favor of protecting the public and given the broadest possible effect. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981); *Szczech v. Commissioner of Public Safety*, 343 N.W.2d 305, 306 (Minn. Ct.App.1984).

Every driver is required to submit to chemical testing when an officer has probable cause to believe the driver is under the influence of alcohol. Minn.Stat. § 169.123, subd. 2 (Supp.1983).

▮ Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972); *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984). Probable cause is evaluated from the point of view of a "prudent and cautious police officer on the scene at the time of the arrest." *State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 331, *cert. denied*, 375 U.S. 867 (1963); *see Vertina v. Commissioner of Public Safety*, 356 N.W.2d 412, 413 (Minn.Ct.App. 1984). In reviewing an officer's actions, the trial court should "consider the totality of the circumstances and should remember that trained law-enforcement officers are permitted to make inferences and deductions that might well elude an untrained person." *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983) (quotations omitted). Great deference should be paid to the officer's experience and judgment. *Vertina*, 356 N.W.2d at 414; *Olson*, 342 N.W.2d at 641. A determination of probable cause is a mixed question of fact and of law. *Clow v. Commissioner of Public Safety*, 362 N.W.2d 360, 363 (Minn.Ct.App.1985). "Once the facts have been found the court must apply the law to determine if probable cause exists." *Id.*

▮ An officer need not personally "observe the defendant in the act of driving or operating the vehicle to request a test to determine the alcoholic content of his blood." *Harris*, 295 Minn. at 42, 202 N.W.2d at 880–81.

▮ When Deputy Lally arrived at the trailer court, he observed Johnson's car parked outside a trailer from which Johnson immediately emerged under arrest. The car was parked on the wrong side of the road with its headlights on, engine running and door open. Johnson expressed concern about his car and it was uncontroverted that he admitted he had driven to the trailer court. There is no evidence suggesting anyone else had driven that car. The trial court's statements about other possible drivers are mere speculation and are contrary to elementary principles that findings and conclusions of the trial court must be drawn from the evidence in the record. *Green v. Independent Consolidated School District No. 1*, 252 Minn. 36, 46, 89 N.W.2d 12, 19 (1958). Based on these facts and circumstances, the trial court's conclusion that probable cause did not exist is clear error.

## DECISION

The trial court erred in ruling that probable cause did not exist. The case is remanded to the trial court for determination on the other issue raised at the implied consent hearing, namely whether Johnson was properly advised of his rights under the implied consent statute.

Reversed and remanded.