David Joseph
EGGERSGLUSS, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C4–86–46.

Court of Appeals of Minnesota.

June 3, 1986.

Review Granted Aug. 13, 1986.

Robert G. Davis, Steffenson & Davis, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel Watne, Lawrence Schultz, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by the court en banc by POPOVICH, C.J., and PARKER, WOZNIAK, LANSING, NIERENGARTEN, RANDALL and CRIPPEN, JJ.

**OPINION**

PARKER, Judge.

David Eggersgluss appeals from an order which sustained the revocation of his

driving privileges. He argues that a police officer does not have probable cause to arrest a driver involved in a motor vehicle accident when that driver appears to be intoxicated three hours after the accident, but the officer does not know or inquire into the driver's activities and whereabouts since the accident. We agree and reverse.

## FACTS

At about 6:55 a.m. on September 22, 1985, the Buffalo Police Department received a call reporting a one-car rollover in the City of Buffalo. Officer David Schwarze arrived at the scene a few minutes after the call and observed that the car had jumped the curb and rolled over onto its roof. No one was in or around the vehicle.

While inspecting the car, Schwarze saw Eggersgluss and another man walking toward him. Eggersgluss identified himself as the owner of the vehicle and stated he had been driving at the time of the accident; the other man was a passenger.

Eggersgluss or the passenger told Schwarze the accident had occurred about three hours earlier; Schwarze listed 4:30 a.m. as the time of the accident in the official report. The passenger stated that they had been driving home from a reception.

As Schwarze was talking to Eggersgluss, he noticed that Eggersgluss smelled of alcohol and had watery eyes and a flushed face. Schwarze repeatedly asked Eggersgluss if he "had been drinking," and Eggersgluss answered no each time. The passenger was also asked if "they had been drinking," and he answered yes.

Schwarze acknowledged that his questions concerning whether the men "had been drinking" did not clearly refer to a specific point in time and that he did not ask Eggersgluss if he had been drinking

since the accident. He agreed that he had "no idea" if Eggersgluss had been drinking since the accident. Schwarze also did not inquire about what the men had been doing for the last three hours; he testified only that he knew they came from a residential area when they approached the car.

Schwarze arrested Eggersgluss for DWI and took him to the Wright County Sheriff's Office. Eggersgluss agreed to an Intoxilyzer test, which indicated a blood alcohol concentration of .11.

Eggersgluss sought review of the revocation of his driving privileges. The trial court found that Schwarze had probable cause to arrest Eggersgluss for a DWI violation.

## ISSUE

Did the trial court err in its determination that the officer possessed probable cause to arrest?

## DISCUSSION

In *Dietrich v. Commissioner of Public Safety*, 363 N.W.2d 801 (Minn.Ct.App. 1985), this court held that evidence which falls short of establishing a connection between the defendant's observed intoxication and his prior operation of a motor vehicle is insufficient to demonstrate probable cause to arrest for DWI. *Dietrich* did not announce any new or novel principle of implied consent law,[1] but merely applied the familiar rule that probable cause exists only "where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence." *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347, 350 (Minn.Ct.App.1985).

Our cases involving situations where an officer has not actually observed the operation of a vehicle by the intoxicated defend-

1. *Dietrich* also did not establish any new evidentiary rule that an officer must explicitly testify as to the time of the drinking and driving. *See*

*Bohlig v. Commissioner of Public Safety*, 379 N.W.2d 714, 716 (Minn.Ct.App.1986).

ant have uniformly applied the principle that the officer must possess information reasonably linking the observed intoxication with the suspect's earlier operation of a motor vehicle before probable cause to arrest will be established. *See Bohlig v. Commissioner of Public Safety*, 379 N.W.2d 714 (Minn.Ct.App.1986) (complainant told officer that suspect smelled of alcohol soon after accident; suspect told officer he had had nothing to drink since time of accident); *Foster v. Commissioner of Public Safety*, 381 N.W.2d 512 (Minn.Ct. App.1986) (suspect told officer he had been drinking earlier in the evening, but had had nothing since the accident). Thus, if the facts and circumstances articulated would permit a prudent person to believe that a driver involved in an accident was under the influence at the time of the accident, there exists probable cause to arrest under Minn.Stat. § 169.123, subd. 2 (1984).

An officer, of course, need not investigate and resolve every circumstance which *could possibly* militate against his determination of probable cause. We think, however, that there are situations in which it is discernible and apparent to the officer that the connection between a suspect's intoxication and his earlier operation of a vehicle is seriously in question.[2] In those situations, the officer may have to make some focused inquiries in order to present evidence which establishes the link between a suspect's drinking and driving.

Here, the officer was presented with a situation in which Eggersgluss appeared to be intoxicated, but at least two and a half hours had elapsed since he had driven. Despite the long lapse of time since the accident, the officer did not specifically inquire about whether Eggersgluss had had anything to drink since the time of the accident. Further, he did not testify to any

fact from which he could reasonably conclude that Eggersgluss had not been drinking since the accident. Given the patent problem with the connection between the drinking and the driving, it did not suffice for the officer simply to ask whether Eggersgluss "had been drinking," at least when the officer had discovered no other facts which reasonably linked the drinking and driving. We hold that the officer's testimony was insufficient to establish probable cause to arrest for a DWI violation.

## DECISION

The trial court's order affirming the Commissioner's license revocation is reversed; the matter is remanded with instructions to enter an order rescinding the revocation of appellant's driving privileges.

Reversed.

POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., dissent.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent and would affirm for the following reasons:

1. The majority contends the officer should inquire as to whether appellant had been drinking since the accident, at least when the officer had discovered no other facts reasonably linking the drinking and driving, and concludes that the officer's testimony was insufficient to establish probable cause. I disagree because the facts and inferences drawn from the facts present probable cause to believe appellant was driving while under the influence.

Appellant was driving his car when a serious accident occurred. The officer believed the car failed to make a turn, went

---

2. An apt analogy may be found in the "patent-latent" distinction utilized in several areas of the law. *See In Matter of Campbell's Trusts*, 258 N.W.2d 856, 864 (Minn.1977) (will); *Liptak v. Karsner*, 208 Minn. 168, 293 N.W. 612 (1940) (defect on premises); *Slosson v. Hall*, 17 Minn.

95 (Gil. 71) (1871) (description of property in deed); 30 Am.Jur.2d *Evidence*, § 1073 (1967). Situations may occur where it should be "patently" apparent to an officer that there are problems with the connection between the observed intoxication and the earlier driving.

over the curb onto the embankment, and then rolled. The officer asked appellant two different times whether he had been drinking and each time he replied no. He then questioned the passenger, who said he and appellant had been at a reception. The passenger said "they" had been drinking; the officer believed "they" referred to appellant and the passenger. The officer then asked appellant a third time whether he had been drinking and he again replied no. The officer concluded appellant was not telling the truth and assumed that he was driving the motor vehicle while under the influence of alcohol.

2. Probable cause must be evaluated from the point of view of a prudent and cautious officer. *Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 350 (Minn.Ct.App.1985). The totality of the circumstances must be considered and the trial court must remember that trained law enforcement officers may make inferences and deductions which might elude an untrained person. *Id.* The officer need not personally observe the driving. *Id.*

*Dietrich v. Commissioner of Public Safety,* 363 N.W.2d 801 (Minn.Ct.App.1985) and subsequent cases are concerned with whether there is a temporal connection between the drinking and driving. *Id.* at 803. While the officer need not testify explicitly as to the time of the accident, *Graham v. Commissioner of Public Safety,* 374 N.W.2d 809, 811 (Minn.Ct.App.1985), there must be facts which provide a sufficient time frame between the drinking and driving to support probable cause. *Hasbrook v. Commissioner of Public Safety,* 374 N.W.2d 592, 594 (Minn.Ct.App.1985).

3. Appellant admitted driving, the officer observed indicia of intoxication, the passenger said they had been drinking and an accident occurred, caused, the officer believed, by failure to make a turn. Despite the passage of time, there is no hint that appellant had anything to drink after the accident. If appellant in fact had been drinking since the time of the accident, it is

reasonable to infer that he would have told the officer when the officer arrested him for driving while under the influence. Further, appellant denied drinking, despite obvious signs of intoxication; it appears that it would have been fruitless for the officer to question appellant as the majority suggests. Consequently, I believe that the officer properly arrested appellant on probable cause to believe he had been driving while under the influence. I would affirm the trial court.

NIERENGARTEN, Judge (dissenting).

I concur in the dissent of Chief Judge Popovich.

RANDALL, Judge (dissenting).

I concur in the dissent of Chief Judge Popovich.