**David Joseph EGGERSGLUSS, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Petitioner, Appellant.**

**No. C4–86–46.**

Supreme Court of Minnesota.

Sept. 19, 1986.

---

Hubert H. Humphrey, III, Joel A. Watne, Lawrence Schultz, St. Paul, for appellant.

Robert G. Davis, Jr., Minneapolis, for respondent.

**AMDAHL, Chief Justice.**

We granted the petition of the Commissioner of Public Safety for review of a decision of the Court of Appeals reversing a decision of the trial court which sustained the revocation of the driver's license of David Joseph Eggersgluss under the implied consent law, Minn.Stat. § 169.123, subd. 2 (Supp.1985), for driving with a blood alcohol level of .10 or more. The Court of Appeals, in a 4–3 decision, ruled that the arresting officer did not have probable cause to believe that Eggersgluss was under the influence at the time of the accident, which occurred approximately 2½ to 3 hours before the officer learned of the accident and made the observations that he believed gave him probable cause to arrest Eggersgluss. *Eggersgluss v. Commissioner of Public Safety*, 387 N.W.2d 892 (Minn.App.1986). Reversing the Court of Appeals, we hold that the arresting officer did have probable cause and we therefore reinstate the judgment of the trial court.

At 6:55 a.m. on September 22, 1985, Buffalo Police Officer David Schwarze was told that the department had received a call, apparently anonymous, reporting a car rollover. He immediately drove to the scene, where he found the car on its top. It had obviously jumped the curb after failing to make a turn, then rolled over after going onto an embankment which has a 45° slope. As he was viewing the car, he saw defendant and another man walking towards him from a nearby residential area. Defendant identified himself as the driver of the car and said that the accident had happened about 3 hours earlier. Schwarze asked defendant if he had been drinking, and defendant said no. However, when Schwarze talked alone with the other man, who had been the passenger, the man said that they had been at a reception and had been drinking. This man said that defendant had lost control of the car while

returning from the reception. The officer again spoke with defendant and again asked him if he had been drinking, and defendant again said no. However, it was obvious to the officer that defendant was not being truthful, because defendant's breath smelled of alcohol, his face was flushed and his eyes were watery. Concluding that he had probable cause to believe that defendant had been under the influence of alcohol at the time the accident occurred, the officer arrested defendant. Defendant submitted to breath testing, which showed a present blood alcohol level of .11.

The officer had no way of knowing for sure when the accident occurred. It may well have occurred more recently than defendant and his passenger said, but they said that it occurred 3 hours earlier. In any event, the officer clearly had probable cause to believe that defendant had been driving at the time of the accident, and that defendant was presently under the influence of alcohol. The only issue is whether he had probable cause to believe that defendant was under the influence of alcohol at the time of the accident.

The Court of Appeals concluded that the officer's testimony was insufficient to establish probable cause to believe that defendant was under the influence of alcohol at the time of the accident. The court reasoned that it should have been apparent to the officer that there was a serious question whether the defendant's apparent intoxication was the result of drinking that occurred before the accident or drinking following the accident. The court stated that under the circumstances, the officer should have asked defendant and the other man whether defendant had anything to drink after the accident.

The dissent argued that the officer had a sufficient basis for believing that defendant was under the influence of alcohol at the time of the accident. The dissent argued that in view of defendant's lying about having consumed alcohol, it would have been fruitless for the officer to ask defendant if he had been drinking since the accident. The dissent argued further that if the defendant had consumed alcohol after the incident, presumably defendant or his passenger would have said so.

We agree with the dissent that the officer had probable cause to believe that defendant was under the influence at the time of the accident. Highly relevant is the fact that the passenger, whom the officer was entitled to believe, said they had been drinking at the reception and that the accident occurred afterward. The fact that it was a one-car rollover occurring at 4:30 a.m. is also relevant. The turn in the road apparently was a simple turn that defendant should have been able to negotiate. The fact that he did not bears on the determination of whether he was under the influence at the time. Further, normally a person who is involved in a one-car rollover in the middle of the night who has been drinking beforehand, as defendant had, does not go someplace else and drink more. Finally, it is significant that the officer asked defendant and his passenger a general question as to whether they had been drinking. Defendant obviously was not being truthful in his response, and his lack of truthfulness showed a consciousness of guilt. The majority opinion puts too much importance on the commissioner's inability to prove a negative, specifically, that defendant did not drink after the accident. Even if the officer had specifically asked this, defendant could have lied just as he apparently did when asked generally if he had been drinking. In any event, by asking defendant and the passenger generally if they had been drinking, the officer gave them an opportunity to give him their version of what happened. Presumably, if the drinking had occurred after the accident, they would have said so since that fact obviously would have helped defendant. They did not say so.

Looking at the totality of the circumstances, as we must, we conclude that the arresting officer had probable cause to arrest defendant for driving while under the influence at the time of the accident.

Reversed and judgment of the trial court reinstated.

WAHL, Justice (dissenting).

I would affirm the decision of the Court of Appeals for the reason there stated, that the police officer's testimony was insufficient to establish probable cause to arrest for DWI because it did not demonstrate any connection between intoxication and earlier driving.