Richard Lee **WELDON**,
Petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C8–86–1247.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Paul A.R. Mason, Le Center, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Lawrence M. Schultz, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Richard Lee Weldon was arrested for driving while under the influence. He refused testing pursuant to the implied consent law, and his license was revoked. He petitioned for judicial review. The trial court sustained the revocation and he appeals.

## FACTS

Officer Jerry Norberg of the Le Center Police Department, at approximately 1:00 a.m., saw a group of people standing at the corner of a street intersection and noticed a vehicle with a dented driver's door and a broken window on the driver's side. He had not noticed anything unusual at that intersection within the previous half hour.

Norberg saw a pickup truck in Weldon's driveway between 2:00 and 2:15 a.m. and he was advised the truck had damage on its left front. Norberg knocked on the rear door of the residence, but no one answered. The inside door was partially open; Norberg saw a person lying on the steps leading up into the house. Norberg knocked again, louder. The person, whom Norberg recognized as Weldon, stood up and answered the door.

Norberg asked Weldon to step outside, because he had a few questions. Weldon went outside, and Norberg asked him where he had been that evening. Weldon replied that he had been at the bar. Norberg asked if he meant the liquor store and Weldon replied "If that's what it's called." The officer testified that the liquor store is located near the location of the damaged vehicle which he had observed earlier.

Norberg asked Weldon how the damage had occurred to his vehicle. Weldon said he had been involved in an accident earlier in the evening, although he did not know at what time or where it occurred. He had waited for the police to arrive and then left.

While talking to Weldon, Norberg observed that he was unsteady on his feet, his balance was poor, and he staggered when he walked over to his truck. There was a strong odor of alcohol about him and he had bloodshot eyes and slurred speech.

Weldon admitted he drove the truck home from the bar and stated he had one drink since arriving home. Norberg examined the damage to Weldon's truck, and saw fresh paint splinters which he believed were caused by a collision of some sort that evening.

Norberg formed the opinion that Weldon was under the influence and placed him under arrest for driving while under the influence and damage to property. He transported Weldon to the Le Sueur Law Enforcement Center booking room, where he read Weldon the implied consent advisory. Weldon refused to take the test, stating: "I haven't been driving."

On cross-examination, Norberg testified he had talked to Weldon at his house earlier in the evening; he did not recall the time or whether he observed that Weldon was under the influence. Weldon's truck was parked in a different location the first time and the second time Norberg talked to him.

The trial court sustained the revocation of Weldon's driver's license, and Weldon brings an appeal from the trial court's order.

## ISSUE

Did the police officer have probable cause to believe appellant was driving while under the influence?

## ANALYSIS

The implied consent law provides that a peace officer may require a driver to take a test to determine the presence of alcohol. Minn.Stat. § 169.123, subd. 2(a) (Supp. 1985). The officer must have probable cause to believe the driver was driving in violation of Minn.Stat. § 169.121 prior to requiring the test. *Id.* Weldon contends that the officer did not have probable cause, and asserts the trial court erred when it sustained the revocation.

> Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a motor vehicle while under the influence.

 *Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 350 (Minn. Ct.App.1985). It must be evaluated from the point of view of the officer on the scene, considering the totality of the circumstances. *Id.* An officer may make inferences and deductions which might elude an untrained person. *Id.* It is the duty of the reviewing court to ensure the officer had a substantial basis for concluding probable cause existed at the time the implied consent law is invoked. *State v. Olson,* 342 N.W.2d 638, 641 (Minn.Ct.App. 1984).

Weldon concedes that he was under the influence when the officer questioned him outside his home at 2:00 or 2:15 a.m. However, he asserts there is no evidence that the accident investigated by the officer at 1:00 a.m. was connected to his accident. He further asserts that if there was a connection, there was no evidence that appellant was under the influence when he was driving. He cites *Dietrich v. Commissioner of Public Safety,* 363 N.W.2d 801 (Minn.Ct.App.1985), in support of his argument. In *Dietrich,* this court recognized that there must be a temporal causal relationship between the drinking and the collision. There is, however, no requirement that the officer establish the exact time the driver was driving. *Graham v. Commissioner of Public Safety,* 374 N.W.2d 809, 811 (Minn.Ct.App.1985).

 Implied consent laws are to be liberally construed in favor of protecting the public. *Johnson,* 366 N.W.2d at 350. The facts which support probable cause to believe Weldon was driving while under the influence are that Weldon admitted he was in a bar or liquor store that evening, he drove home, and he was in an accident at some undetermined time; he was obviously under the influence at the time Norberg arrested him. The officer could infer that the accident which he investigated near the liquor store occurred sometime after 12:30 a.m., and that this accident was the one in which Weldon admitted being involved. Looking at the totality of the circumstances, these facts are sufficient to provide probable cause to believe Weldon had been driving while under the influence. *See Eggersgluss v. Commissioner of Public Safety,* 393 N.W.2d 183, 185 (Minn.1986).

## DECISION

The revocation of appellant's driving privilege is sustained.

Affirmed.