**Janelle S. LENDE, Relator,**

v.

**LENDE CONSTRUCTION COMPANY and Minnesota Workers' Compensation Assigned Risk Plan, c/o EBA, DaVerne Corporation and General Accident Fire and Life Insurance Co., State Treasurer, Custodian of the Special Compensation Fund, Respondents.**

No. C2–87–1562.

Supreme Court of Minnesota.

Jan. 15, 1988.

Rehearing Denied Feb. 18, 1988.

David K. Cody, St. Paul, for relator.

Michael J. Koshmrl, Edina, for Lende Const. Co. et al.

Patrick F. Mahoney, Minneapolis, for DaVerne Corp., et al.

Louis Hofman, Sp. Asst. Atty. Gen., St. Paul, for Sp. Compensation Fund.

## OPINION

AMDAHL, Chief Justice.

Employee sought review of a decision of the Workers' Compensation Court of Appeals reversing the compensation judge's finding of liability on the part of the general contractor of a subcontractor who was statutorily permitted to elect compensation coverage but did not do so. We affirm.

DaVerne Corporation, owned by David Ficek, operated primarily as a general contractor in new construction and retained subcontractors for any necessary labor. In August 1984, DaVerne Corporation, acting as general contractor on a remodeling project at the Nelson Elementary School, retained Lende Construction as subcontractor to perform demolition work on that project. Lende Construction was a new unincorporated business set up and solely owned by Donald Lende. As part of the contract, DaVerne required Lende Construction to carry workers' compensation liability insurance; and David Ficek referred Donald Lende to his own insurance agent, Theodore Bray.

On August 22, Theodore Bray met with Donald Lende at the job site. The purpose of this meeting was to arrange for immediate workers' compensation insurance coverage for Lende Construction employees hired for the DaVerne subcontract. Theodore Bray brought an insurance application which he completed as he gathered the necessary information from Donald Lende. Theodore Bray also informed Donald Lende of the need to affirmatively elect coverage in order to extend the policy to himself; and Donald Lende elected not to do so because be did not intend to do any labor. Because Donald Lende was a divorced man whose family lived outside Minnesota, election of coverage for family members was not a consideration.

At the end of August, Donald Lende's daughter Janelle, whom he had rarely seen since his divorce some 20 years earlier, came to Minnesota to work for Lende Construction as a laborer. On August 30, she was removing wood trim from the walls of classrooms. The trim had previously encased chalkboards which had been removed by non-Lende construction employees and stacked against a wall.[1] As Janelle was prying wood off the wall and putting it in the trim board pile, the chalkboards fell on top of her causing a fracture to her ankle. Donald Lende notified his insurer, Assigned Risk Plan, of the injury. Assigned Risk denied liability because there had been no election of coverage for Janelle.

Janelle Lende filed a claim petition and a hearing was held before a compensation judge on July 22, 1986. The compensation judge found that Donald Lende had not intended to have any family members covered by his workers' compensation policy at the time he applied for coverage on August 22, 1984. The compensation judge further found that DaVerne Corporation was liable for the benefits due as the general contractor of an uninsured subcontractor. On appeal, the Workers' Compensation Court of Appeals reversed concluding that Janelle was exempt from coverage of the act because her father had not elected coverage for family members. We agree.

Minn.Stat. § 176.041 provides that the Minnesota Workers' Compensation Act does not apply to "a partner engaged in a farm operation or a partner engaged in a business and the spouse, parent, and *child*, regardless of age, of a partner in the farm operation or business * * *." (Emphasis added). These employers may, however, affirmatively elect to be covered by the act's protection. Minn.Stat. § 176.012.[2] In

---

1. Donald Lende testified that a DaVerne employee stacked the boards against a wall.

2. Minn.Stat. § 176.012 provides:

The persons, partnerships and corporations described in this section may elect to provide the insurance coverage required by this chapter.

this case, no election of coverage was made for Donald Lende's family members.

Employee argues that Minn.Stat. § 176.215, subd. 1 controls the disposition of this case. That statute reads:

> Where a contractor fails to comply with this chapter, the general contractor, or intermediate contractor, or subcontractor, is liable for payment of all compensation due an employee of a subsequent subcontractor who is engaged in work upon the subject matter of the contract.

In this case, however, Donald Lende did comply with the act by providing coverage for his employees; he simply was not required to provide coverage for his daughter. Therefore, the statutory employer liability provision does not apply.

■ Employee also argues that the election of coverage statute is unconstitutional as it violates equal protection. As respondents Special Compensation Fund and Assigned Risk Plan counter, there is a rational relationship between the statute and a legitimate government interest. The stat-

ute allows employers in small businesses the option of providing other kinds of insurance coverage for their family members instead of compelling them to purchase the more costly workers' compensation insurance. *Cf. Metropolitan Rehabilitation Services, Inc. v. Westberg*, 386 N.W.2d 698, 701 (Minn.1986) (cost containment legitimate government interest).

While we are not unsympathetic to Janelle Lende's situation, where the compensation judge found that Donald Lende had no intention to elect coverage for his daughter, we have no option but to conclude, as did the Workers' Compensation Court of Appeals, that statutorily she was exempt from the act's coverage.[3]

Affirmed.

(a) An owner or owners of a business or farm may elect coverage for themselves.

(b) A partnership owning a business or farm may elect coverage for any partner.

(c) A family farm corporation as defined in section 500.24, subdivision 2, clause (c) may elect coverage for any executive officer.

(d) A closely held corporation which had less than 22,880 hours of payroll in the previous calendar year may elect coverage for any executive officer if that executive officer is also an owner of at least 25 percent of the stock of the corporation.

(e) A person, partnership, or corporation hiring an independent contractor, as defined by rules adopted by the commissioner, may elect to provide coverage for that independent contractor.

A person, partnership, or corporation may charge the independent contractor a fee for providing the coverage only if the independent contractor (1) elects in writing to be covered, (2) is issued an endorsement setting forth the terms of the coverage and the name of the independent contractors, and (3) the fee and how it is calculated.

The persons, partnerships and corporations described in this section may also elect coverage for an employee who is a spouse, parent or child, regardless of age, of an owner, partner, or executive officer, who is eligible for coverage under this section. Coverage may be elected for a spouse, parent or child whether or not coverage is elected for the related

owner, partner or executive director and whether or not the person, partnership or corporation employs any other person to perform a service for hire. Any person for whom coverage is elected pursuant to this section shall be included within the meaning of the term employee for the purposes of this chapter.

Notice of election of coverage or of termination of election under this section shall be provided in writing to the insurer. Coverage or termination of coverage is effective the day following receipt of notice by the insurer or at a subsequent date if so indicated in the notice. The insurance policy shall be endorsed to indicate the names of those persons for whom coverage has been elected or terminated under this section. An election of coverage under this section shall continue in effect as long as a policy or renewal of the same insurer is in effect.

Nothing in this section shall be construed to limit the responsibilities of owners, partnerships or corporations to provide coverage for their employees, if any, as required under this chapter.

3. Employee may be able to pursue whatever common law cause of action she may still have against her employer or the general contractor. *Cf. Palmer v. Wiltse*, 239 Minn. 130, 57 N.W.2d 812 (1953) (common law applies in action by farmhand against his employer).