**Jeffrey P. VERTINA, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C0–84–671.

Court of Appeals of Minnesota.

Oct. 16, 1984.

Doris C. McKinnis, Kurzman, Manahan & Partridge, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Linda F. Close, Joel A.

Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This is an appeal from an order of the trial court sustaining the revocation of appellant's driver's license pursuant to Minn. Stat. § 169.123 (Supp.1983). The appellant claims that the arresting officer did not have probable cause to believe he was driving while under the influence of alcohol. We affirm the trial court's order.

## FACTS

On November 5, 1983, at approximately 5:22 p.m., Officer George Moore of the Brooklyn Park Police Department arrived at the scene of an accident which had occurred in the city of Brooklyn Park. Upon his arrival at the scene, Officer Moore observed the appellant lying on the ground near a motorcycle which had been involved in the accident. When questioned, the appellant admitted to being the owner and driver of the motorcycle. Officer Moore spent approximately eight minutes with the appellant at the scene, during which time he observed that the appellant had sustained a leg injury in the accident and that the appellant's motorcycle was totalled. He also noted that the appellant's speech was slurred, his eyes were red, and his breath smelled like alcohol.

Officer Moore assisted in placing the appellant into an ambulance and followed the ambulance to the hospital. When he arrived at the hospital, after determining that the appellant had not yet received any medication, Officer Moore read the appellant the implied consent advisory and asked if he would submit to chemical testing. The appellant agreed to submit to a blood test, which revealed that his blood alcohol content was .103.

## ISSUE

Did Officer Moore have probable cause to believe the appellant had been driving while under the influence of alcohol?

## ANALYSIS

■ Minn.Stat. § 169.123 subd. 2(a) (Supp.1983) provides in relevant part:

Any person who drives, operates, or is in physical control of a vehicle within this state consents, subject to the provisions of this section and section 169.121, to a chemical test of his blood, breath, or urine for the purpose of determining the presence of alcohol or a controlled substance. The test shall be administered at the direction of a peace officer. The test may be required of a person when an officer has *reasonable and probable grounds* to believe the person was driving, operating, or in physical control of a motor vehicle *in violation of section 169.121* [the DWI statute] and one of the following conditions exist: * * * (2) the person has been involved in a motor vehicle accident or collision resulting in property damage, personal injury, or death * * *

(Emphasis supplied.) "Reasonable and probable grounds" to believe a person was driving while under the influence of alcohol has been equated with the term "probable cause," *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984), which in turn has been defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *Id.* at 640, *quoting Garske v. United States*, 1 F.2d 620, 623 (8th Cir. 1924). Probable cause should be evaluated "from the viewpoint of a prudent and cautious police officer on the scene at the time of arrest." *Jackson v. United States*, 302 F.2d 194, 196 (D.C.Cir.1962), *quoted with approval in State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 331 (1963).

■ The appellant argues that although Officer Moore might have had probable cause to believe that he had been drinking, the officer did not have probable cause to

believe that he was under the influence of alcohol. The appellant therefore claims that Officer Moore could have had only an "articulable suspicion" that he had been driving while under the influence of alcohol, justifying the administration of a preliminary screening test, rather than a blood test which requires probable cause. (*See State, Dep't of Public Safety v. Juncewski,* 308 N.W.2d 316, 321 (Minn.1981), which adopted the "articulable suspicion" standard for administration of a preliminary screening test.)

The appellant's argument has already been addressed by this court in *Rude v. Commissioner of Public Safety,* 347 N.W.2d 77 (Minn.Ct.App.1984), which contains the following language:

> Respondent contends that under *Holtz* [1] these are not objective indications of intoxication, but rather are "indications of consumption of alcohol." The innovative distinction thus urged contradicts the intended purpose of the implied consent statute, i.e. to promote public safety on the highway and aid the proper enforcement of our D.W.I. statute. *State, Dept. of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981).

*Rude,* 347 N.W.2d at 80.

This court has recently stated in *Martin v. Commissioner of Public Safety,* 353 N.W.2d 202 (Minn.Ct.App.1984):

> [T]here are numerous signs indicating a person is under the influence of intoxicating liquor, and * * * an opinion on that condition can be reached without presence of all of the signs. * * * [E]ven a single objective indication of intoxication may be sufficient, *depending upon the circumstances in each case* * * * [I]t is fundamental that each case must be decided *on its own facts and circumstances* and without regard to any formula.

(Citations omitted; emphasis supplied.) The necessity for looking to the facts and circumstances of each situation has been continuously stressed by the Minnesota appellate courts. *See, e.g., Rude v. Commis-*

*sioner of Public Safety,* 347 N.W.2d 77, 79 (Minn.Ct.App.1984); *State v. Olson,* 342 N.W.2d 638, 640 (Minn.Ct.App.1984).

In reviewing an officer's determination of probable cause in similar situations, this court has stated that "great deference" should be paid to the officer's experience and judgment. *Olson,* 342 N.W.2d at 641, *citing Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Review by an appellate court should not be de novo; rather, the duty "is simply to ensure that the officer had a substantial basis for concluding that probable cause existed at the time of invoking the implied consent law." *Olson,* 342 N.W.2d at 641, *citing Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). We have indicated that where the existence of probable cause is a close question, the appellate court should defer to the trial court's evaluation of the officer's determination, since "the trial court's opportunity to observe [an officer's] examination [leaves] it in a better position to evaluate his testimony." *Kunz v. Commissioner of Public Safety,* 349 N.W.2d 593, 596 (Minn. Ct.App.1984).

Officer Moore's testimony at the implied consent hearing indicates that the appellant's speech was "not very clear," was "somewhat slurred," and was "difficult * * to understand." His eyes "appeared somewhat red" as though bloodshot, and the officer could smell a "strong odor of an alcoholic beverage on [his] breath." Furthermore, he had been injured in a collision which destroyed his motorcycle. These signs of intoxication provided the requisite probable cause for Officer Moore to believe that the appellant had been driving while under the influence of alcohol.

## DECISION

There was sufficient evidence to support a finding of probable cause to believe the appellant had been driving while under the influence of alcohol.

---

1. *Holtz v. Commissioner of Public Safety,* 340    N.W.2d 363 (Minn.Ct.App.1983).