Edmond Gerard SARB,
petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C6–84–1663.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Edmond Gerard Sarb, petitioner pro se.

Hubert H. Humphrey, III, Atty. Gen.,
Linda F. Close, Sp. Asst. Atty. Gen., Joel A.

Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

RANDALL, Judge.

### FACTS

In the early hours of April 7, 1984 an officer with the Crystal Police Department observed a vehicle traveling at a low speed. The officer followed the vehicle and noted that the car signaled a left turn then moved to the right-hand lane before making a left turn from the right-hand lane. He observed the car wander over the centerline and then activated the red lights on his squad car and stopped the vehicle. The driver's license produced by the driver identified him as Edmond Gerard Sarb, the respondent.

The officer observed that respondent was unsteady on his feet and had a strong odor of alcohol on his breath. The officer had respondent perform several field sobriety tests. On the finger to nose test respondent was unable to touch his nose. Respondent was unable to count to ten while standing on one foot and failed to recite the alphabet completely. The officer considered his performance on the tests as a fail. The officer then placed respondent under arrest for DWI and following a subsequent refusal to submit to testing, respondent's license was revoked by the Commissioner of Public Safety.

### DECISION

█ The trial court agreed with the respondent's theory at the implied consent hearing that the State failed to prove its case by fair preponderance of the evidence since the officer, when on the stand, was never specifically asked whether he believed respondent was under the influence. We disagree. There is no absolute requirement that the officer testify as to his own personal belief whether the person was un-

der the influence in order to establish probable cause. The opinion of a layperson or an officer as to intoxication, assuming sufficient foundation has been laid, is often helpful in drinking related offenses, but is not mandatory.

█ The finding of probable cause to support a peace officer's request that a driver take a test is for the trial judge to make after taking into account all the admitted evidence, not just the officer's opinion, or lack of it. The issue is whether there was objective probable cause. That can consist of one objective indication. *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363 (Minn.Ct.App.1983). The record shows sufficient evidence to establish probable cause in this case. Although normally the question of probable cause is in the discretion of the trial court, here the court erred in basing its decision on a theory that the police officer *must* supply opinion testimony. We need not defer to the trial court here. *See State v. Olson*, 342 N.W.2d 638 (Minn.Ct.App.1984). The decision of the trial court to rescind the revocation is reversed.

Reversed.