Leonard Anthony **SWAPINSKI, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. CX–85–56.

Court of Appeals of Minnesota.

May 28, 1985.

Review Denied July 26, 1985.

Robert E. Lucas, Duluth, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

On August 25, 1984, Officer Ernest S. Bloomquist, a Wisconsin police officer, and his partner were pursuing a car on the "High Bridge" from Superior, Wisconsin to Duluth, Minnesota. Bloomquist observed Swapinski's truck on the bridge driving about 65 miles an hour in a 45 m.p.h. zone. The truck crossed into Minnesota and slowed down, but still exceeded 45 m.p.h. Bloomquist observed the truck make at least one improper lane change and he and his partner stopped the truck in Minnesota. Bloomquist noticed Swapinski had a "little problem" alighting from his truck and that Swapinski had a "fairly strong" odor of alcohol. Bloomquist's partner administered field sobriety tests, but did not testify at the implied consent hearing. Bloomquist testified he believed Swapinski displayed a balance problem; Swapinski testified he passed the tests.

Swapinski was given a preliminary breath test which he failed. He was placed under citizen's arrest for D.W.I. and held until Minnesota State Highway Trooper Mike Summers arrived. Summers administered a preliminary breath test and also obtained a "fail." Swapinski was taken to the Duluth Police Department. He passed all three field sobriety tests conducted at the station. A chemical test revealed an alcohol content of .13.

After an implied consent hearing, the trial court rescinded the revocation of Swapinski's driving privileges. The trial court concluded that, prior to administration of the preliminary breath test, Bloomquist did not have sufficient probable cause to believe Swapinski was driving in violation of Minn.Stat. § 169.121 in order to invoke the preliminary breath test. The Commissioner appeals.

### DECISION

We recently discussed the standards of probable cause in *Johnson v. Commissioner of Public Safety*, 366 N.W.2d 347 (Minn. Ct.App.1985).

Probable cause exists where all the facts and circumstances would warrant a cautious person to believe that the suspect was driving or operating a vehicle while under the influence. *State v. Harris*, 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972); *State v. Olson*, 342 N.W.2d 638, 640 (Minn.Ct.App.1984). Probable cause is evaluated from the point of view of a "prudent and cautious police officer on the scene at the time of the arrest." *State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 331, *cert. denied*, 375 U.S. 867 [84 S.Ct. 141, 11 L.Ed.2d 94] (1963); *see Vertina v. Commissioner of Public Safety*, 356 N.W.2d 412, 413 (Minn.Ct. App.1984). In reviewing an officer's actions, the trial court should "consider the totality of the circumstances and should remember that trained law-enforcement officers are permitted to make inferences and deductions that might well elude an untrained person." *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983) (quotations omitted). Great deference should be paid to the officer's experience and judgment. *Vertina*, 356 N.W.2d at 414; *Olson*, 342 N.W.2d at 641. A determination of probable cause is a mixed question of fact and law. *Clow v. Commissioner of Public Safety*, 362 N.W.2d 360, 363 (Minn.Ct.App.1985). "Once the facts have been found the court must

apply the law to determine if probable cause exists." *Id.*

Here, the police officer had sufficient facts to believe Swapinski was under the influence. The stop occurred about 2:00 a.m. on a Saturday morning, there was observed unlawful driving conduct, Swapinski had a balance problem alighting from his truck, and a fairly strong odor of alcohol. Since the officer had probable cause to request a chemical test and it was undisputed the implied consent advisory was properly read, and the test was properly administered with a .13 result, the trial court's order rescinding the revocation must be reversed. *See Giddings v. Commissioner of Public Safety,* 354 N.W.2d 579 (Minn.Ct.App.1984).

Reversed.