STATE of Minnesota, Appellant,

v.

Cynthia Marie VIEVERING, Respondent.

No. C2-85-1802.

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 16, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., Michael G. Blee, Asst. Co. Atty., St. Cloud, for appellant.

John T. Lund, Schmidt & Lund, St. Cloud, for respondent.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

### OPINION

LANSING, Judge.

The State appeals a pretrial order suppressing evidence and dismissing DWI charges against Cynthia Vievering. The trial court ruled the officer did not have sufficient reason to request a preliminary breath test. We reverse and remand for trial.

### FACTS

On the evening of April 27, 1985, State Trooper Marvin Felderman was patrolling I-94 in Stearns County. He was accompanied by his supervisor, Lieutenant Roger Anhorn. Felderman observed an oncoming vehicle traveling with only one headlight and determined with his radar unit that its speed was approximately 67 miles per hour. Felderman immediately turned around, pursued, and stopped the vehicle.

Vievering was the driver. When Felderman requested Vievering's license, he detected a "rather strong" odor of alcohol about her. A passenger in the car also smelled of alcohol. Anhorn shined his flashlight into the car and saw two open cans of beer on the front floor of the passenger side. He pointed this out to Felderman, who asked both Vievering and the passenger to get into the squad car. Felderman then asked Vievering to take a preliminary breath test. After failing the preliminary breath test, Vievering was arrested for a DWI violation; a subsequent Intoxilyzer test revealed a .12 blood alcohol content.

Vievering moved to suppress the test results on the ground that Felderman did not have sufficient reason to request a preliminary breath test. The trial court granted the motion and dismissed the charge, ruling that a request for a preliminary breath test must be supported by an officer's testimony that he believed the driver to be under the influence of alcohol.

## ISSUE

Did the trial court err in concluding that the officer had insufficient reason to request a preliminary breath test?

## ANALYSIS

Minn.Stat. § 169.121, subd. 6 (1984), provides:

> When a peace officer has *reason to believe* from the manner in which a person is driving, operating, controlling or acting upon departure from a motor vehicle, or has driven, operated, or controlled a motor vehicle, that the driver may be violating or has violated [the DWI law], he may require the driver to provide a sample of his breath for a preliminary screening test * * *.

(Emphasis added). The supreme court has held that an officer may request a preliminary breath test if he possesses specific and articulable facts that form a basis to believe that a person is or has been driving, operating or controlling a motor vehicle while under the influence of an intoxicating beverage. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn.1981). An officer need not possess probable cause to believe that a DWI violation has occurred in order to administer a preliminary breath test.

Felderman observed a speeding violation, detected a strong odor of alcohol on both Vievering and her passenger, and discovered two open cans of beer on the floor of the vehicle. These facts form a reasonable basis for Felderman to believe that Vievering was driving under the influence of alcohol. The officer had sufficient reason to request a preliminary breath test. *See also Hager v. Commissioner of Public Safety*, 382 N.W.2d 907 (Minn.Ct.App. 1986).

Vievering argues that Felderman's observations merely indicate that she had consumed alcohol, not that she was intoxicated. This distinction was raised and rejected in two recent cases. *See Rude v. Commissioner of Public Safety*, 347 N.W.2d 77, 80 (Minn.Ct.App.1984) (probable cause to require a chemical test); *Vertina v. Commissioner of Public Safety*, 356 N.W.2d 412, 413–14 (Minn.Ct.App.1984) (same). The distinction is even less sound when applied to a request for a preliminary breath test, because the officer need only possess "articulable facts" to support the request, rather than the higher standard of probable cause to support a request for a chemical test.

Finally, in *Sarb v. Commissioner of Public Safety*, 362 N.W.2d 405 (Minn.Ct. App.1985), this court held that an officer's testimony as to his personal belief that a person was under the influence is not required as a matter of law to establish probable cause. The *Sarb* holding relegates the officer's opinion testimony, or lack of it, to evidence considered in making a determination whether there was sufficient reason to request a preliminary breath test.

## DECISION

The trial court erred in concluding that the officer had insufficient reason to re-

quest the preliminary breath test and in holding that a request for a preliminary breath test must be supported by an officer's testimony that he believed the driver to be under the influence of alcohol.

Reversed and remanded for trial.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent. Although the issue of the officer's right to request a preliminary breath screening test pursuant to Minn.Stat. § 169.121, subd. 6 (1984) must be considered close, I would defer to the discretion of the trial court and affirm the court's order suppressing the test. Oral testimony on the issue was taken and our scope of appellate review is necessarily limited when the credibility of witnesses is assessed by the trial court. *See State v. Mytych,* 292 Minn. 248, 194 N.W.2d 276 (1972).

The record is clear that the peace officer limited his reasons for requesting that respondent submit to a preliminary breath test (PBT) to the speeding violation (approximately 67 miles per hour in a 55 m.p. h.), the odor of alcohol about respondent, and the two open containers of beer on the floor of the front seat on the passenger's side. There was no claim of erratic, suspicious, or questionable driving. The peace officer clocked the vehicle's speed by the use of radar at between 66 and 68 miles per hour on Interstate 94 in Stearns County. Although certainly supporting the officer's stop of the vehicle and issuance of a speeding ticket, the speed alone of 67 miles per hour on an interstate highway with no unusual weather or road conditions supports the trial court's finding of "no reason to believe from the manner in which a person is driving that the motor vehicle is being operated by a driver under the influence."

The peace officer testified that his notice was first drawn to the vehicle because one headlight was out. Again, faulty equipment is a permissible reason to stop a vehicle, but not necessarily to form a belief that the driver may be under the influence

of alcohol. In his oral testimony, the peace officer, although properly listing the headlight as a reason to stop, did not state that it was part of his belief respondent was under the influence.

His observation of the two open containers of beer could properly lead to citations for "open bottle" by either the driver or the passenger, or both, depending on the facts. However, the presence of open containers and the odor of alcohol, while giving rise to articulable facts to believe that the driver was drinking, do not automatically lead to a reasonable belief that the driver was "under the influence" without more.

Inappropriate as it may be, drinking and driving are not against the law. Driving while under the influence of intoxication is.

The majority opinion correctly points out that a peace officer need not possess probable cause that a DWI violation has occurred in order to administer a preliminary breath test, but the officer "must have reason to believe" that the driver is operating under the influence of alcohol or a controlled substance before requiring a PBT. *See* Minn.Stat. § 169.121, subd. 1 (1984); Minn.Stat. § 169.121, subd. 6 (1984).

The majority cites *Rude v. Commissioner of Public Safety,* 347 N.W.2d 77 (Minn. Ct.App.1984) to support their reversal holding that the facts in *Rude* were very similar to those presented here. *Rude* is substantially different from respondent's state of facts as *Rude* involved a serious car accident, coupled with facts indicating that the cause of the accident may have been the driver's inattentiveness and failure to stop for a stop sign. Careless or reckless driving, coupled with the odor of alcohol, an accident, and observance of alcoholic beverages in Rude's car, is stronger evidence to sustain a finding that the officer had reason to believe the driver was under the influence.

We have indicated that one objective indication of intoxication may be sufficient. *Holtz v. Commissioner of Public Safety,* 340 N.W.2d 363, 365 (Minn.Ct.App.1983). However, intoxication is different from a

belief that someone has been merely drinking. Slurred speech, stumbling walk, impaired motor skills, inappropriate speech patterns or glassy eyes may be sufficient. However, not one of all these indicia were present. The peace officer did not request respondent to perform any of the standard roadside tests until *after* he had made the decision to request the PBT and then the arrest. Following the arrest, respondent passed all the coordination testing and stood on one leg for a count of 30 rather than the normal count of 10. The peace officer testified that a long one-legged stand is to him a more accurate reflection of sobriety.

The arresting officer did not testify on the stand that he believed respondent to be under the influence. I agree with the majority that the officer does not have to give that opinion to carry the burden of proof. *Sarb v. Commissioner of Public Safety,* 362 N.W.2d 405, 406 (Minn.Ct.App.1985). However, the officer is entitled to give that opinion if he can lay sufficient foundation. The fact that the officer did not give such an opinion, although not conclusive that respondent was not under the influence, is certainly not evidence that she was. The failure of the officer to give that opinion from the stand is simply part of the totality of the circumstances that the trial court was entitled to look at in making a determination as to whether the arresting officer had a reason to believe that respondent was driving while under the influence, and thus someone he could require to take the PBT.

The record is limited to the officer's testimony that respondent was going approximately 67 miles per hour on Interstate 94, had an odor of alcohol about her, and two open containers of beer were observed on the passenger side of the front seat. The stop was proper. Any traffic citations issued for speeding or open container were proper, although those are not the issue before the court. With the issue confined to a reasonable belief that respondent was driving while under the influence, I would affirm the trial court who found from all the testimony that the officer did not have

objective facts sufficient to form that reasonable belief.