Dean C. MUSGJERD,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C7–85–1732.

Court of Appeals of Minnesota.

April 8, 1986.

Michael E. Sullivan, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Nancy Welsh, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Dean Musgjerd's driving privileges were revoked and he petitioned for judicial review. The trial court sustained the revocation, and appellant appeals, contending that the officer lacked probable cause to believe that he had been driving while under the influence. We reverse.

## FACTS

State Trooper Jay Swanson was on duty on April 20, 1985. He was advised by his dispatcher at about 2:33 a.m. that there was a motorcycle accident in the area of Highway 280 and University Avenue in St. Paul. Swanson arrived on the scene at 2:37 a.m., and found a body lying partially on the right shoulder and partially in the righthand traffic lane and a motorcycle further north lying up against the median guardrail of the northbound lanes of Highway 280. The accident occurred on the entrance ramp from Territorial and University Avenues to northbound Highway 280.

Appellant explained to Swanson that he was coming down the entrance ramp and looked over his left shoulder to check the traffic before he merged in, and he got too close to the left curb, hit the curb, and lost control.

The trooper testified that he did not form an opinion, only a suspicion, as to whether appellant was under the influence of alcohol. The suspicion was based solely on the facts that the road was dry, appellant told him he merely drove off the left side of the roadway and hit the curb and lost control, and the time of the accident.

Trooper Steven Pott read the implied consent advisory to appellant and offered him a blood test and a urine test. Appellant agreed to take the blood test. The blood sample was analyzed by the Bureau of Criminal Apprehension with the result of .12.

The trial court found probable cause to believe appellant was driving while under the influence, and sustained the revocation. Appellant appeals.

## ISSUE

Did the trial court err in determining that the trooper had probable cause to believe that appellant was driving while under the influence?

## ANALYSIS

■ The issue which is presented here is whether the facts provided probable cause for the trooper to believe that appellant was driving while under the influence. The facts upon which the trial court determined that probable cause existed are undisputed. Therefore, upon review, this court will not use the "clearly erroneous"

test, *State v. Kvam,* 336 N.W.2d 525, 528–29 (Minn.1983), but instead will determine as a matter of law whether the facts provide the trooper with probable cause for the arrest. *See Berge v. Commissioner of Public Safety,* 374 N.W.2d 730, 732 (Minn. 1985).

The implied consent law provides that any person who drives a motor vehicle consents to a chemical test for purposes of determining the presence of alcohol. Minn. Stat. § 169.123, subd. 2(a) (1984). An officer may require a test:

> when an officer has probable cause to believe the person was driving, operating, or in physical control of a motor vehicle in violation of section 169.121 and one of the following conditions exist: * * (2) the person has been involved in a motor vehicle accident or collision resulting in property damage, personal injury, or death.

*Id.*

Appellant contends that the facts do not provide the officer with probable cause to believe that he was driving the motorcycle in violation of Minn.Stat. § 169.121. The facts upon which the trial court concluded probable cause existed were that it was 2:30 a.m., the road was dry, and the accident was a single vehicle accident which would not ordinarily occur. The trial court concluded probable cause existed based on the physical facts at the scene, coupled with the happening of the accident and no reasonable explanation for it.

Appellant argues that a probable cause determination requires an objective indication of intoxication or the presence of intoxicating substances. He cites numerous Minnesota cases in which various indicia of intoxication have been present. *See, e.g., Johnson v. Commissioner of Public Safety,* 366 N.W.2d 347, 349 (Minn.Ct.App.1985) (strong odor of alcohol on breath, slurred speech, watery and bloodshot eyes and diluted pupils which were slow to adjust to light). This court has recognized that many signs of intoxication may exist, independently or in combination with others.

*Holtz v. Commissioner of Public Safety,* 340 N.W.2d 363, 365 (Minn.Ct.App.1983).

In this case, it is undisputed that the officer did not notice any of the common indicia of intoxication. Appellant contends that if the trial court's probable cause determination is allowed to stand, the implied consent statute's dual requirement of both probable cause and the existence of one or more of the four listed conditions would be devoid of meaning. He argues that sustaining a probable cause determination in this case would allow an officer to invoke the implied consent test whenever a single vehicle accident occurs in other than adverse road conditions or whenever an accident occurred in the early morning hours. The Commissioner argued that most, if not all, single vehicle accidents include alcohol use; however, no evidence was presented on this point at the hearing.

Numerous cases have addressed the issue of whether probable cause exists. In *State v. Harris,* 295 Minn. 38, 42, 202 N.W.2d 878, 881 (1972), the supreme court held:

> Reasonable and probable grounds justifying an officer in requesting an individual to take a test for driving while under the influence of alcoholic beverage under the implied-consent law exists whenever there are facts and circumstances known to the officer which would warrant a prudent man in believing that the individual was driving or was operating a motor vehicle on the highway while under the influence of an alcoholic beverage.

■ Deference should be paid to the officer's experience and judgment. *Vertina v. Commissioner of Public Safety,* 356 N.W.2d 412, 414 (Minn.Ct.App.1984). The trial court must consider the totality of the circumstances, and allow officers to make inferences and deductions which might elude an untrained person. *Johnson,* 366 N.W.2d at 350.

This court has stated that a single objective indication of intoxication can constitute probable cause to believe a person is under the influence. *Holtz,* 340 N.W.2d at 365; however, in *Martin v. Commissioner of*

**574**

*Public Safety,* 353 N.W.2d 202, 204 (Minn. Ct.App.1984), we explained that, depending upon the circumstances of the case, a single objective indication of intoxication may be sufficient, but cautioned that each case must be decided on its own facts and circumstances, without regard to any formula.

Here, the officer made no observations of any indicia of intoxication, such as an odor of alcohol, bloodshot eyes, or slurred speech, nor did appellant state that he had been drinking. Mere suspicion is insufficient.

The statute requires probable cause to believe that appellant had been driving while intoxicated, and here none existed. In some cases, the occurrence of an accident may be a factor in determining whether probable cause exists. *See, e.g., Rude v. Commissioner of Public Safety,* 347 N.W.2d 77, 80 (Minn.Ct.App.1984). The circumstances of an accident, even on a dry road and at 2:30 a.m. in the morning, without more, is insufficient to meet the probable cause requirement. We note that in this case we do not defer to the trial court because there is no dispute on the relevant facts, and no indicia of intoxication.

## DECISION

The trial court erred when it determined that probable cause existed to believe that respondent had been driving while under the influence.

Reversed.