*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0501**

Benjamin David Telschow, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed November 23, 2015
Affirmed
Reilly, Judge**

Scott County District Court
File No. 70-CV-14-16248

Jeffrey S. Sheridan, Sheridan & Dulas, P.A., Eagan, Minnesota (for appellant)

Lori Swanson, Attorney General, Kristi Nielsen, Joan Marie Eichhorst, Assistant Attorneys General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellant Benjamin David Telschow challenges the district court order sustaining revocation of his driving privileges under Minnesota's implied-consent law, arguing that the district court erred in determining that probable cause supported his impaired-driving arrest. We affirm.

# FACTS

On September 1, 2014, a police officer saw appellant's vehicle cross over the crosswalk and stop in the middle of an intersection in Savage, Minnesota. The officer activated the squad car's emergency lights and siren and continued to follow appellant, observing several additional traffic violations. The officer initiated a traffic stop and noticed that appellant's eyes were bloodshot and watery and there was an odor of alcohol emanating from the vehicle. Appellant admitted to drinking a few beers prior to driving. The officer asked appellant to step out of the vehicle so she could ascertain whether he was able to drive. The officer led appellant through a series of field sobriety tests, including the horizontal gaze nystagmus, the walk-and-turn test, and the one-leg-stand test, and concluded that he showed signs of impairment on each test. The officer administered a preliminary breath test which showed an alcohol concentration of 0.207.

Based on appellant's driving conduct and her own observations, the officer determined that appellant was driving while intoxicated and placed him under arrest. The officer read appellant the implied consent advisory and advised him of his right to an attorney. Appellant indicated that he understood the advisory and did not wish to consult with an attorney. Appellant agreed to submit to a breath test, which revealed an alcohol concentration of 0.18. The officer did not seek a search warrant prior to conducting the field sobriety tests or administering the breath test.

Appellant filed a petition to reinstate his driving privileges and to rescind his license plate impoundment. The district court held an evidentiary hearing to consider (1) whether appellant's arrest was supported by probable cause and (2) whether

2

appellant's warrantless breath test should be suppressed based upon an alleged violation of his constitutional rights. The district court admitted testimony from the police officer and received into evidence the implied consent advisory form and the breath test results. The district court concluded that probable cause supported the arrest and therefore denied appellant's petition and sustained the commissioner of public safety's order revoking appellant's driving privileges. The district court concluded that appellant consented to submit to testing and that a search warrant was not required. This appeal followed.

## D E C I S I O N

Appellant argues that the field sobriety tests and the preliminary breath test are inadmissible because they qualify as physical searches subject to the Fourth Amendment's warrant requirement. Appellant claims that the police officer did not obtain a search warrant prior to conducting the tests and lacked probable cause to arrest him for driving while intoxicated. In reviewing a district court's determination on the legality of a stop, we review questions of reasonable suspicion de novo and findings of fact for clear error, "giving due weight to the inferences drawn from those facts by the district court." *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000) (citations and quotations omitted).

A traffic stop of a vehicle is justified if the police officer has a reasonable, articulable suspicion of criminal activity. *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (citing *Terry v. Ohio*, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968)). An officer may expand the scope of the stop if the incremental intrusion is tied to and justified by "(1) the original legitimate purpose of the stop, (2) independent probable

3

cause, or (3) reasonableness, as defined in *Terry*." *State v. Askerooth*, 681 N.W.2d 353, 365 (Minn. 2004). Reasonable, articulable suspicion requires that an officer identify "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880. We are "deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *Britton*, 604 N.W.2d at 88-89.

Here, the police officer expanded the traffic stop based on appellant's driving conduct, his admission that he had been drinking prior to driving, his bloodshot and watery eyes, and the odor of an alcoholic beverage coming from his vehicle. The officer testified that she observed appellant commit numerous traffic violations. The police officer saw appellant's vehicle cross over the crosswalk, stop in the middle of an intersection, and cross over the fog lines on the side of the road. Appellant does not dispute his driving conduct, and a traffic violation, however slight, provides an objective basis for conducting a traffic stop. *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997).

The officer also testified that appellant displayed indicia of intoxication including bloodshot and watery eyes and the odor of an alcoholic beverage. Indicia of intoxication, such as bloodshot and watery eyes and the odor of alcohol, provide a police officer with "specific and articulable facts" supporting the expansion of a stop. *See LaBeau v. Comm'r of Pub. Safety*, 412 N.W.2d 777, 779-80 (Minn. App. 1987) (driver's bloodshot and watery eyes and odor of alcohol provided officer with reasonable, articulable suspicion). Appellant also admitted to the officer that he drank a few beers before

4

driving. "An admission of drinking, coupled with other indicators of intoxication, is sufficient for probable cause to arrest." *State v. Laducer*, 676 N.W.2d 693, 698 (Minn. App. 2004). These facts, taken together, form a reasonable basis for the officer to believe that appellant was driving while impaired. The police officer was justified in expanding the traffic stop and conducting field sobriety tests and a preliminary breath test.

Appellant argues that field sobriety tests and preliminary breath tests are searches that must be supported by probable cause. The appropriate standard for conducting a field sobriety test or a preliminary breath test is whether an officer has a reasonable, articulable suspicion that the driver is impaired. *See State v. Klamar*, 823 N.W.2d 687, 696 (Minn. App. 2012) (determining an officer's "observation of two indicia of intoxication . . . reasonably justified further intrusions in the form of field sobriety and preliminary breath testing."); *State, Dep't of Pub. Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn. 1981) (stating an officer has the authority to administer a preliminary breath test where "specific and articulable facts" form the basis to believe that a driver is impaired). A reasonable articulable suspicion exists if the police officer can present "a particularized and objective basis for suspecting the seized person of criminal activity." *State v. Cripps*, 533 N.W.2d 388, 391 (Minn. 1995). The district court concluded that the officer observed indicia of intoxication which provided the necessary articulable suspicion to require field sobriety tests and a preliminary breath test, and the record supports that determination.

Appellant argues that *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), obligates a police officer to obtain a warrant before conducting field sobriety tests to "search

5

[appellant's] person for physical evidence of potential criminal activity." *McNeely* addressed the constitutionality of a warrantless and nonconsensual blood draw and determined that the warrant requirement applied to a search "involv[ing] a compelled physical intrusion beneath [the arrestee's] skin and into his veins to obtain a sample of his blood for use as evidence in a criminal investigation." 133 S. Ct. at 1558. The Supreme Court stated that "such an invasion of bodily integrity implicates an individual's most personal and deep-rooted expectations of privacy." *Id*. (quotation omitted). The *McNeely* court did not extend its holding to field sobriety tests or preliminary breath tests, which require only a showing that the officer had a reasonable, articulable suspicion that a driver was impaired. *See id.*; *see also State v. Vievering*, 383 N.W.2d 729, 730 (Minn. App. 1986) ("An officer need not possess probable cause to believe that a DWI violation has occurred in order to administer a preliminary breath test."). The district court did not err in admitting the field sobriety tests and the preliminary breath test.

Appellant also raises additional arguments regarding the constitutionality of Minnesota's implied-consent law. Appellant acknowledges that he raised the issues in order to preserve them and they are not the focus of this appeal. Appellant's arguments are foreclosed by two recent and controlling Minnesota Supreme Court cases, *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), *reh'g denied* (Mar. 16, 2015), and *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The *Bernard* court held that "a warrantless breath test does not violate the Fourth Amendment because it falls under the search-incident-to-a-valid-arrest exception," and, as such, there is no fundamental right to refuse a constitutional search. 859 N.W.2d at 767, 773. The

supreme court performed a rational-basis review and determined that Minnesota's test-refusal statute "is a reasonable means to a permissive object and that it passes rational basis review." *Id*. at 774. In *Brooks*, the supreme court held that the consent-exception to the warrant requirement applies when the state demonstrates by a preponderance of the evidence that the defendant "freely and voluntarily consented" based upon the totality of the circumstances. *Brooks*, 838 N.W.2d at 568. "The general rule is that an appellate court must apply the law in effect at the time it renders its decision." *Olsen v. Special School Dist. No. 1*, 427 N.W.2d 707, 710 (Minn. App. 1988) (quoting *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 281, 89 S. Ct. 518, 525-26 (1969)). Appellant's arguments challenging the holdings of *Bernard* and *Brooks* are misplaced and we decline to address them.

**Affirmed**.