*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0610**

Keith Charles Lexvold, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed December 5, 2016
Affirmed
Rodenberg, Judge**

Goodhue County District Court
File No. 25-CV-15-1855

Jeffrey S. Sheridan, Sheridan & Dulas, P.A., Eagan, Minnesota (for appellant)

Lori Swanson, Attorney General, Frederic J. Argir, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

On appeal from an order sustaining his driver's-license revocation based on a failed breath test, appellant argues that (1) his procedural due-process rights were violated; (2) the field sobriety tests were warrantless searches and therefore illegal; (3) the breath test was obtained in violation of appellant's Fourth Amendment rights; and

(4) the test-refusal statute is unconstitutional and the implied-consent advisory therefore violates his substantive due-process rights and the doctrine of unconstitutional conditions. We affirm.

## FACTS

At 1:23 a.m. on July 26, 2015, a police officer stopped an all-terrain vehicle (ATV) operated by appellant Keith Charles Lexvold. The officer had witnessed appellant operating the ATV without activated headlights and within a traffic lane. The ATV appeared to be travelling at a high rate of speed and did not immediately stop after the officer activated his emergency lights.

After appellant stopped driving the ATV, the officer observed that appellant had bloodshot and watery eyes and had an odor of alcohol on his breath. The officer asked appellant if he had been drinking. Appellant replied that he had consumed ten beers since 11 a.m. the previous day. The officer had appellant perform three field sobriety tests: the horizontal gaze nystagmus test, the one-leg stand test, and the walk-and-turn test. The officer witnessed signs of impairment during the three tests. Appellant took a preliminary breath test (PBT) that indicated an alcohol concentration of 0.115. Appellant was arrested for suspicion of driving while impaired (DWI) and was transported to a detention center.

At the detention center, appellant was read an implied-consent advisory and asked to submit to a breath test. The implied-consent advisory was read from a form that included the question, "Will you take the Breath test?" Appellant's response,"Yep," was recorded by the officer. Lines are drawn through text on the form relating to a blood or

2

urine test. Appellant confirmed that he understood the components of the implied-consent advisory that (1) Minnesota law required him to take a test to determine if he was under the influence of alcohol, (2) refusal to take the test would be a crime, (3) he had the right to consult with an attorney before deciding whether to take the test, and (4) unreasonable delay or indecision would constitute test refusal. Appellant declined to speak with an attorney, agreed to take the breath test, and provided an adequate breath sample.

Analysis of his breath indicated that appellant had an alcohol concentration of 0.12. The officer reported appellant's test failure to Respondent Minnesota Commissioner of Public Safety, certifying that probable cause existed to believe appellant had violated Minnesota's DWI laws. Appellant's license was subsequently revoked. A certified copy of appellant's driving record contains a line for the July 26, 2015 implied-consent test failure, and the word "conviction" appears under the heading "Event Type."

Appellant petitioned the district court for rescission of the license revocation. He argued that the field sobriety tests and PBT were unlawful searches in violation of the Fourth Amendment, that he did not validly consent to the warrantless breath test, that he was unconstitutionally misled by the implied-consent advisory in violation of his due-process rights, and that the Commissioner's reporting of a "conviction" on his driving record violated his due process rights. The district court sustained the revocation of appellant's driver's license. This appeal follows.

**D E C I S I O N**

**I.  Appellant lacks standing to make a procedural due-process claim.**

Appellant argues that respondent's act of noting a "conviction" on his driving record after receiving a police officer's certification of probable cause unconstitutionally deprived him of procedural due process.

The United States and Minnesota Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law.  U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7.  We review procedural due-process challenges de novo. *Bendorf v. Comm'r of Pub. Safety*, 727 N.W.2d 410, 413 (Minn. 2007).

"An appellant cannot assert a procedural due-process claim without first establishing that he has suffered a direct and personal harm resulting from the alleged denial of his constitutional rights." *Riehm v. Comm'r of Pub. Safety*, 745 N.W.2d 869, 877 (Minn. App. 2008) (quotation omitted), *review denied* (Minn. May 20, 2008). "Appellant must show that his claimed harm is personal, actual, or imminent; traceable to respondent's challenged actions; and likely to be remedied by this court." *Id.* at 873. The notation of "conviction" on appellant's driving record may be premature or erroneous, but appellant fails to show any personal, actual, or imminent harm that is traceable to the notation for which there is a remedy under Minnesota's implied-consent process.  Appellant lacks standing to make a due process challenge.[1]

_____

[1] Even if appellant were able to sufficiently demonstrate harm resulting from the commissioner's use of the word "conviction" on his driving record, he has not provided any authority for his proposed remedy.  He argues that this erroneous notation converts the driver's-license revocation process into a criminal procedure, with all of its attendant

4

**II.** **An arresting officer needs only reasonable suspicion of criminal activity to conduct field sobriety tests and a PBT.**

Appellant argues that the evidence obtained from the field sobriety tests should have been suppressed because those tests are searches subject to the warrant requirement of the Fourth Amendment. We disagree.

Appellant's argument that field sobriety tests are searches that require a warrant is contrary to existing Minnesota law. A police officer may initiate a limited investigative seizure without a warrant if the officer has reasonable articulable suspicion of criminal activity. *State v. Klamar*, 823 N.W.2d 687, 691 (Minn. App. 2012). The officer may use several investigative techniques during a *Terry*-type stop. *Id.* at 696. If reasonable suspicion exists, a warrant is not required before administering field sobriety tests. *Id.* (holding that an officer's observation of two indicia of intoxication justified further intrusions in the form of field sobriety testing). The standard for administering a PBT is also reasonable, articulable suspicion. *State, Dep't of Pub. Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn. 1981) (stating that an officer has the authority to administer a preliminary breath test where "specific and articulable facts" form the basis to believe that a driver is impaired); *State v. Vievering*, 383 N.W.2d 729, 730 (Minn. App. 1986) ("An officer need not possess probable cause to believe that a DWI violation has occurred in order to administer a preliminary breath test."), *review denied* (Minn. May 16, 1986).

---

rights and remedies including the right to a public jury trial and other criminal due-process protections. We see no basis in law for this argument, even if appellant had standing.

Appellant's reliance on *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013) and *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), for his argument that law enforcement is required to obtain a warrant in drunk-driving investigations is misplaced. Neither *McNeely* nor *Brooks* requires more than reasonable, articulable suspicion to permit an officer to administer field sobriety tests.

The district court correctly declined to suppress the evidence concerning appellant's field sobriety tests.

### III. The warrantless breath test was constitutional because appellant consented to the test.

Appellant argues that the district court erred in admitting appellant's breath-test results because the results are the product of a warrantless search and because no exception to the warrant requirement applies. Appellant argues his consent to the test was not valid as it was "mere acquiescence" to the officer's reading of the implied-consent advisory and the threat of a criminal penalty for refusing the test.

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A breath test is a search subject to the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989). "A search conducted without a warrant is per se unreasonable unless an exception applies." *Ellingson v. Comm'r of Pub. Safety*, 800 N.W.2d 805, 807 (Minn. App. 2011), *review denied* (Minn. Aug. 24, 2011).

Consent serves as an exception to the warrant requirement only if the state shows by a preponderance of the evidence that a defendant's consent to a search was free and

voluntary. *Brooks*, 838 N.W.2d at 568. Voluntariness is a question of fact that this court reviews under the clearly erroneous standard. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred." *Id.* at 846-47.

"Whether consent was voluntary is determined by examining the totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 846 (quotation omitted). The "nature of the encounter" includes such factors as how the police came to suspect a defendant of driving under the influence, the request to take a chemical test, which includes whether the implied-consent advisory was read, and whether the defendant had the right to consult with an attorney. *Brooks*, 383 N.W.2d at 569.

Appellant's argument that his consent was the product of mere acquiescence to the threat of criminal penalties included in the implied-consent advisory essentially ignores the supreme court's holding in *Brooks*. *Brooks* held that a driver's decision to take a breath test is not a product of coercion solely because Minnesota has attached a criminal penalty to test refusal. *Id.* at 570; *see also Poeschel v. Comm'r of Pub. Safety*, 871 N.W.2d 39, 46 (Minn. App. 2015) (rejecting argument that appellant's consent was involuntary because the implied-consent advisory penalizes test refusals). Instead courts look to the totality of the circumstances surrounding appellant's consent to the breath test. *Brooks*, 838 N.W.2d at 569.

The district court determined that appellant voluntarily consented to a breath test. The district court found that "there was nothing in the encounter or nature of [appellant]

7

that points to any special circumstances that would render [his] consent involuntary." The record includes no evidence that appellant was coerced by officers to participate in the breath test such that his "will had been overborne and his capacity for self-determination critically impaired." *See id.* at 571 (quotations omitted). Appellant was not confronted with repeated police questioning nor asked to consent after spending days in custody. *See id.* Appellant was given an opportunity to consult with an attorney and informed through the implied-consent advisory that he had a choice of whether to submit to testing. *See id.* at 571-72. Appellant stated that he understood the implied-consent advisory and would submit to testing. The district court applied the *Brooks* standard and determined appellant's consent to have been voluntary. The record supports that determination.

The district court did not clearly err in finding that appellant voluntarily consented to a breath test.

## IV. Appellant's substantive due-process rights were not violated, and there is no merit to his unconstitutional-conditions argument.

Appellant argues that Minnesota's test-refusal statute is unconstitutional because it infringes on his fundamental right to refuse a warrantless search, and therefore the implied-consent advisory violates his due-process rights by threatening a crime the state cannot legally pursue. We review the constitutionality of a statute de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). Whether an implied-consent advisory violates a driver's due-process rights is a question of law we review de novo. *Magnuson v. Comm'r of Pub. Safety*, 703 N.W.2d 557, 561 (Minn. App. 2005).

8

We recently examined a due-process challenge to the implied-consent advisory on the grounds that it threatened criminal penalties for refusal that the state could not legally impose. *Johnson v. Comm'r of Pub. Safety*, ___ N.W.2d ___, 2016 WL 6570284 (Minn. App. Nov. 7, 2016). We held that the implied-consent advisory violated Johnson's rights to due process because it instructed him that it was a crime to refuse to take a urine test when, absent an exception to the warrant requirement, it would have been unconstitutional to seize his urine without a warrant. *Johnson*, ___ N.W.2d at ___, WL 6570284 at *12. Because a warrantless search would have been impermissible, the notification that he could be criminally charged for refusing the test was incorrect. *Id.* at ___, ___, 2016 WL 6570284 at *10, *12; *see also Birchfield v. N. Dakota*, 136 S. Ct. 2160, 2186 (2016) (holding that neither implied consent nor the search-incident-to-arrest exception may justify a criminal penalty for refusing a warrantless blood test); *State v. Thompson*, ___ N.W.2d ___, ___, 2016 WL 5930162, at *8 (Minn. Oct. 12, 2016) (holding that test refusal statute was unconstitutional as applied to a driver prosecuted for refusing a warrantless urine test); *State v. Trahan*, ___ N.W.2d ___, ___, 2016 WL 5930153, at *6 (Minn. Oct. 12, 2016) (holding that test refusal statute was unconstitutional as applied to a driver prosecuted for refusing a warrantless blood test). *Cf. State v. Bernard*, 859 N.W.2d 762, 772 (Minn. 2015) (holding that a breath test is a constitutional search under the search-incident-to-arrest exception and that a driver may be criminally penalized for test refusal), *aff'd sub nom. Birchfield*, 136 S. Ct. 2160. Although we recognized a due process violation in *Johnson*, appellant in this case was not asked to submit to a blood or urine test. He was read the implied-consent advisory

9

and asked to submit to a breath test, to which he freely consented. Because appellant was only offered a breath test, *Johnson*'s reasoning is inapplicable to appellant's challenge. The advisory to appellant that it was a crime to refuse breath testing was accurate.

Appellant's challenge to the breath test on the ground that the test-refusal statute is unconstitutional fails under *Bernard*. In *Bernard*, the Minnesota Supreme Court held that Minnesota's test-refusal statute is constitutional as applied to a breath-test refusal. 859 N.W.2d at 767. The Minnesota Supreme Court stated, "having decided that the search of Bernard's breath would have been constitutional, we find no fundamental right at issue here, as Bernard does not have a fundamental right to refuse a constitutional search." *Id.* at 773. The supreme court performed a rational-basis review and determined that Minnesota's test-refusal statute "is a reasonable means to a permissive object and that it passes rational basis review." 859 N.W.2d at 774. *Birchfield*, likewise, held that, pursuant to a lawful DWI arrest, a warrantless breath test is constitutional under the search-incident-to-arrest exception and the driver has "no right to refuse [the breath test]." 136 S. Ct. at 2165, 2186.

Appellant's constitutional challenge to a warrantless breath test and the test-refusal statute fails under *Birchfield* and *Bernard*. Because the test-refusal statute is constitutional as applied to a breath test, the implied-consent advisory provided to appellant was accurate and correctly stated that refusal to submit to the breath test is a crime. The implied-consent advisory did not violate appellant's rights to due process.

Appellant also argues that the test-refusal statute violates the unconstitutional-conditions doctrine because it "compels the surrender of the constitutional right to

10

withhold consent to a warrantless search as a condition of driving." The doctrine requires appellant to establish that the challenged statute authorizes an unconstitutional search. *State v. Bennett*, 867 N.W.2d 539, 543 (Minn. App. 2015), *review denied* (Minn. Oct. 28, 2015), *cert. denied* (U.S. June 28, 2016). In *Birchfield* and *Bernard*, a warrantless breath test was held to be constitutional under the search-incident-to-arrest exception. 136 S. Ct. at 2184; 859 N.W.2d at 767. In *Bennett*, we held that a warrantless breath test is a lawful search incident to arrest and therefore it is not an unconstitutional search. 867 N.W.2d at 543. In light of these decisions, Minnesota's test-refusal statute did not authorize an unconstitutional search of appellant's breath and the unconstitutional-conditions doctrine does not apply.

**Affirmed.**