*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0429**

State of Minnesota,
Respondent,

vs.

Earl Alfonso Culver,
Appellant.

**Filed January 30, 2017
Affirmed
Kirk, Judge**

Hennepin County District Court
File Nos. 27-CR-15-21402, 27-CR-15-4385

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Heather Robertson, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges his convictions of third-degree driving while under the influence of alcohol, reckless or careless driving, and careless driving, arguing that the

district court erred in denying his motion to suppress evidence obtained from a blood draw. He argues that the warrant authorizing the blood draw was not supported by probable cause and that the blood-draw evidence was erroneously admitted at trial. We affirm.

**FACTS**

Appellant Earl Alfonso Culver was charged with third-degree driving while under the influence (DWI) with an alcohol concentration of 0.08 or more, third-degree DWI, reckless or careless driving, and careless driving. The charges arose from an incident where appellant drove recklessly along a city street, crashed into an occupied residence, and failed to comply with the arresting officer's commands to stop.

On November 29, 2014, Minneapolis Police Officer Brandon Bartholomew was on routine patrol and traveling east along Broadway Avenue in Minneapolis. He observed a black SUV turn 360 degrees in the middle of the avenue and continue west, reaching speeds exceeding 60 miles per hour in a 30 mile-per-hour zone. The SUV drove through a red light at an intersection without stopping, drove onto the boulevard, and crashed into the front side of an occupied residence.

Officer Bartholomew quickly caught up to the SUV and activated his squad vehicle's emergency lights as the SUV rolled back down the front yard of the residence onto Broadway Avenue. The squad vehicle was directly facing the driver's side of the SUV, but appellant did not stop and he drove into an adjacent parking lot where he parked the vehicle. As appellant got out of the SUV, he turned his back to Officer Bartholomew and removed his outer jacket. Officer Bartholomew shot appellant with a Taser, and

2

appellant fell to the ground. Officer Bartholomew then called for back-up. Appellant was transported to a hospital.

While appellant was hospitalized, Minneapolis Police Officer Patrick Windus prepared an application for a search warrant and affidavit to take a sample of appellant's blood. The district court granted law enforcement's request for the search warrant and appellant's blood was drawn, revealing an alcohol concentration of 0.19. The matter was set to be tried by a jury.

On the morning of trial, appellant moved to suppress the results of the blood draw, arguing that the search warrant lacked probable cause because it included intentional or reckless misrepresentations of material facts. Appellant alleged that the warrant inaccurately stated that he smelled of alcohol and that he failed to follow a police officer's commands at the scene. The district court held a modified *Franks* hearing as it did not make an initial determination if the warrant contained sufficient probable cause without the alleged false statement. The district court admitted a copy of the application for the search warrant and affidavit into evidence. The affidavit described appellant's driving conduct, that his vehicle crashed into an occupied dwelling, and that "suspect exhibited indicia of intoxication including the STRONG odor of alcohol beverage, and [he] failed to respond to OFFICERS COMMANDS, [] continuing to ignore OFFICER COMMANDS AT THE SCENE."

Officer Windus testified that he prepared the search warrant after he was told by officers on the phone who were at the scene of the incident that a vehicle had crashed into a house and the officers believed that the driver was either high on drugs, drunk, or both.

3

Officer Windus admitted that he never visited the scene of the incident. Officer Windus explained that he prepared a search warrant from a template, and that one of his law-enforcement colleagues told him over the phone that appellant smelled of alcohol at the scene.

Officer Bartholomew testified that he spoke with Officer Windus over the phone about his observations of appellant's conduct and that he believed that appellant was high on a controlled substance. He admitted that he never told Officer Windus that he smelled alcohol on appellant's person. A copy of Officer Bartholomew's body camera video was entered into evidence and viewed by the district court.

The district court issued an order denying appellant's motion to suppress the search warrant. It found that probable cause to take a blood draw existed even without Officer Windus's assertion that appellant smelled of alcohol. The district court noted that appellant's erratic driving behavior, collision into an occupied residence, and failure to obey Officer Bartholomew's commands indicated "inattentive driving, indicative of alcohol or substance abuse." It further found that appellant's behavior was "odd" and strongly suggested "some sort of impairment." The district court found that the totality of the evidence suggested negligence, not malicious intent, by the police department in preparing the affidavit.

After a two-day jury trial, appellant was convicted of third-degree DWI, reckless or careless driving, and careless driving. The district court sentenced appellant to 365 days in jail and stayed 305 days.

This appeal follows.

4

**D E C I S I O N**

## I. The district court did not err in denying appellant's motion to suppress evidence obtained from the search warrant.

"When reviewing pretrial orders on motions to suppress evidence, we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing—or not suppressing—the evidence." *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999). We accept the district court's findings of fact unless they are clearly erroneous. *State v. Lemieux*, 726 N.W.2d 783, 787 (Minn. 2007).

If a defendant establishes by a preponderance of the evidence that the affiant knowingly and intentionally, or with reckless disregard for the truth, included false statements in a warrant affidavit, and the false statement was necessary for establishing probable cause, the search warrant must be voided and the fruits of the search excluded from the trial. *Franks v. Delaware*, 438 U.S. 154, 156, 98 S. Ct. 2674, 2676 (1978); *see also State v. McDonough*, 631 N.W.2d 373, 390 (Minn. 2001). A misrepresentation or omission is material if, when the misrepresentation is set aside or the omission supplied, probable cause to issue the search warrant no longer exists. *State v. Mems*, 708 N.W.2d 526, 532 (Minn. 2006).

A district court is given "great deference" in determining whether an affidavit establishes probable cause, "but this deference is not boundless." *State v. Smith*, 448 N.W.2d 550, 555 (Minn. App. 1989), *review denied* (Minn. Dec. 29, 1989). This court defers to the district court's determination of witness credibility at the omnibus hearing and those determinations will not be overturned unless clearly erroneous. *State v. Randa*, 342

N.W.2d 341, 343 (Minn. 1984). We review a district court's findings on the issue of whether the affiant deliberately made statements that were false or in reckless disregard of the truth for clear error. *State v. Andersen*, 784 N.W.2d 320, 327 (Minn. 2010) (quotation omitted). "The de novo standard controls [appellate] review of a district court's determination of whether the alleged misrepresentations or omissions were material to the probable cause determination." *Id.*

Appellant argues that the judge who issued the search warrant did not have a substantial basis for concluding that probable cause existed because there was insufficient evidence to show that he did not comply with law enforcement's commands and that he was intoxicated.

After reviewing Officer Bartholomew's body camera footage, we conclude that there was sufficient probable cause that appellant generally failed to comply with the officer's commands to stop. Appellant asserts that his reckless driving conduct and removal of his jacket upon getting out of the SUV suggest that he was suffering from a medical impairment as opposed to being under the influence of drugs or alcohol. But there is no record evidence that appellant was in fact medically impaired. "Inferences must be reasonably supported by the available evidence; sheer speculation is not enough." *Cokley v. City of Otsego*, 623 N.W.2d 625, 633 (Minn. App. 2001) (quotation omitted), *review denied* (Minn. May 15, 2001).

Turning to appellant's argument concerning the lack of evidence of intoxication, a law enforcement officer does not need to observe any outward indicia of intoxication in order to have probable cause to believe that the defendant is intoxicated. *See State v. Lee*,

585 N.W.2d 378, 382 (Minn. 1998). Rather, an officer must have probable cause to believe that the administration of a blood-alcohol test will result in the discovery of evidence relevant in the prosecution of a crime. *Id.* (citing *State v. Speak*, 339 N.W.2d 741, 745 (Minn. 1983)). There are many indicia of intoxication that can establish probable cause that a driver is impaired, whether they appear independently or in combination. *Musgjerd v. Comm'r of Pub. Safety*, 384 N.W.2d 571, 573 (Minn. App. 1986). A suspect's odd behavior is a recognized factor justifying the expansion of a traffic stop. *See State v. Smith*, 814 N.W.2d 346, 352 (Minn. 2012) (concluding that a driver's "violent shaking" during a traffic stop, coupled with "evasive" responses regarding shaking, provided officers with a reasonable, articulable suspicion of illegal activity sufficient to support the expansion of a traffic stop).

The record demonstrates that appellant drove erratically on a busy urban avenue, failed to obey a traffic signal, crashed into an occupied residence, failed to stop the vehicle upon the officer's activation of his emergency lights, and took his coat off for no reason on a cold winter day in front of the arresting officer. Here, the district court credited Officer Bartholomew's testimony that he initially suspected that appellant was under the influence of drugs, not alcohol. Cumulatively, these facts establish probable cause to believe that appellant was impaired, whether it was due to alcohol or a controlled substance. We affirm the district court's denial of appellant's suppression motion and the admission of that evidence at trial.

**Affirmed.**